HUGHES WOOD PRODUCTS, INC.
and Bailey Wagner, Petitioners,

v.

Mack M. WAGNER, Respondent.

No. 99–0074.

Supreme Court of Texas.

Argued Nov. 17, 1999.

Decided May 25, 2000.

Robert T. Cain, Jr., Lufkin, Terry W. Wood, Beaumont, Kenzy D. Hallmark, Lufkin, for Petitioners.

Gilbert Timbrell Adams, Beaumont, Vincent L. Marable, III, Wharton, David L. Tolin, Beaumont, for Respondent.

Justice O'NEILL delivered the opinion of the Court.

This case presents a choice of law question. Plaintiff was injured while performing logging operations in Louisiana and filed a personal injury suit against the defendants in Texas. Defendants moved for summary judgment contending that, as a matter of law, the Louisiana Workers' Compensation Act's exclusive-remedy provision barred plaintiff's Texas action. The trial court granted summary judgment for the defendants. The court of appeals reversed, holding that Texas law applied under the "most significant relationship" test found in sections 6 and 145 of the *Restatement. See* 979 S.W.2d 84, 86–87; RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971). Defendants contend that the appeals court erred in failing to apply section 184 of the *Restatement,* which precludes tort recovery if the defendant is immune from liability under another state's workers' compensation statute. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 (1971).

We hold that the court of appeals erred in its conflicts analysis by failing to consider which state has the most significant relationship to the issue to be resolved, that is the exclusive-remedy issue. Nevertheless, the defendants failed to show that they are immune from liability under Louisiana's workers' compensation law and thus failed to prove that they are entitled

to *Restatement* section 184's protections. Accordingly, we affirm the court of appeals' judgment reversing the trial court's summary judgment and remanding the case to the trial court. *See* 979 S.W.2d at 88. We leave open the question of which state's law the trial court should apply to the particular substantive issues to be resolved below.

# I

## Background

Plaintiff, Mack Wagner, lives in Newton, Texas, and was recruited in Texas to work as a logger. As a logger, he drove equipment owned by Bailey Wagner and cut timber owned by Hughes Wood Products, Inc. in Louisiana. After the timber was cut, at least some of it was hauled to Hughes's mill in Texas. Hughes is a Texas corporation, and its home office and principal place of business are in Newton, Texas. Bailey Wagner also lives in Texas. While plaintiff was working as a logger in Louisiana, a tree fell and crushed his foot. He received emergency treatment for his injury in Louisiana and then returned to Texas, where the rest of his medical treatment took place.

When plaintiff was injured, Hughes had Louisiana workers' compensation coverage, but the company did not file a report with the Louisiana office of workers' compensation administration reporting the injury. Hughes did make payments to the plaintiff after his injury, but it is not clear from the record what these payments were for or how many were made. Hughes did not have Texas workers' compensation insurance when the plaintiff was injured. Bailey Wagner had neither Texas nor Louisiana workers' compensation insurance.

Plaintiff filed this personal injury suit against the defendants, Hughes and Bailey Wagner, in Texas. Defendants filed a joint motion for summary judgment arguing that, under *Restatement* section 184, Louisiana law controls and plaintiff's suit was barred by the Louisiana Workers'

Compensation Act's exclusive-remedy provision. Alternatively, they argued that even under Texas law, workers' compensation benefits were plaintiff's exclusive remedy because he was "an employee covered by workers' compensation insurance," TEX. LAB.CODE § 408.001(a), albeit in Louisiana. The trial court granted defendants' motion for summary judgment without specifying the basis for its ruling.

The court of appeals held that Texas law applied and that therefore summary judgment on the basis of defendants' alleged immunity under Louisiana law was improper. *See* 979 S.W.2d at 87. The appeals court also rejected defendants' alternative ground, holding that the defendants, who did not carry Texas workers' compensation insurance, could not invoke the Texas workers' compensation statute's exclusive-remedy provision. *See id.* at 88. Accordingly, the court of appeals reversed the trial court's summary judgment. On appeal to this Court, defendants do not argue that they are entitled to protection under the Texas workers' compensation statute's exclusive-remedy provision. They argue only that, under *Restatement* section 184, Louisiana law controls and the immunity conferred by that state's workers' compensation scheme bars this suit. Because we hold that defendants failed to prove that they are entitled to immunity under Louisiana's workers' compensation law, we affirm the court of appeals' judgment.

# II

## Standard of Review

■ Which state's law governs an issue is a question of law for the court to decide. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex.1984). But determining the state contacts to be considered by the court in making this legal determination involves a factual inquiry. *See Parra v. Larchmont Farms, Inc.,* 932 S.W.2d 68, 74 (Tex.App.—El Paso 1995), *rev'd on other grounds,* 941 S.W.2d 93

(1997) (per curiam). Thus, a movant for summary judgment seeking to have the law of another state applied must satisfy its burden of proof with respect to fact questions necessary to the choice of law decision. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *See id.* at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See id.* at 549.

## III

### Choice of Law

■ Since 1979, this Court has applied the *Restatement's* "most significant relationship" test to decide choice of law issues. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971); *Duncan*, 665 S.W.2d at 420–21; *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). Section 6 of the *Restatement* sets out the following general factors relevant to the choice of law:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2) (1971); *see Gutierrez*, 583 S.W.2d at 318–19. Section 145 contains the factual matters to be considered when applying these principles to a tort case.[1]

Applying these *Restatement* sections, the court of appeals determined that Texas has the most significant relationship to the case and that therefore Texas law should apply to all issues. *See* 979 S.W.2d at 86–87. But the *Restatement* requires the court to consider which state's law has the most significant relationship *to the particular substantive issue to be resolved. See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(1) (1971). Section 145(1) specifically provides that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, *with respect to that issue*, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." *Id.* (emphasis added); *see Duncan*, 665 S.W.2d at 421. In its analysis, the court of appeals failed to consider which state has the most significant relationship to the issue to be resolved, that is the exclusive remedy issue.

Section 184 of the *Restatement* provides the standards by which a court is to determine immunity from a tort suit when an employee is covered by workers' compensation insurance. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 (1971). That section provides:

Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such

---

1. These factual matters include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971); *see Gutierrez*, 583 S.W.2d at 319.

liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which

(a) the plaintiff has obtained an award for the injury, or .

(b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where the employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187–188 and 196.

*Id.* The court of appeals erred in failing to consider section 184's application to the exclusive-remedy issue.[2]

Section 184 articulates and applies the principles of section 6 to the workers' compensation exclusive-remedy issue. Its application protects the parties' justified expectations because "[i]t is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 cmt. b (1971); *see id.* § 6(2)(d). Section 184 also recognizes the relative interests of other states in providing an exclusive workers' compensation remedy, because "to deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state to restrict the costs of industrial accidents." RESTATEMENT (SECOND) OF CONFLICT OF LAWS

§ 184 cmt. b (1971); *see id.* § 6(2)(c). Moreover, "[a]ll states are sympathetic with the policies underlying workmen's compensation, and all states grant certain persons immunity from liability for tort or wrongful death. . . ." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 cmt. b (1971). Thus, section 184's application (1) serves the needs of the interstate system, *see* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2)(a) (1971), (2) applies the relevant policies of the forum, *see id.* § 6(2)(b), (3) promotes the basic policies underlying the workers' compensation system, *see id.* § 6(2)(c), (4) protects justified expectations, *see id.* § 6(2)(d), (5) facilitates certainty, predictability, and uniformity of result, *see id.* § 6(2)(f), and (6) eases the determination and application of the law to be applied, *see id.* § 6(2)(g).

Plaintiff has not asserted, nor can we perceive, a policy reason that might preclude section 184's application. Texas has had a workers' compensation system in place since 1913. *See* Act of April 16 1913, 33ʳᵈ Leg., R.S., ch. 179, 1913 Tex. Gen. Laws 429; *see also Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 510–11 (Tex.1995). The Texas Workers' Compensation Act, like most workers' compensation acts, grants employers who carry workers' compensation coverage for their employees immunity from suit for most work-related injuries. *See* TEX. LAB. CODE § 408.001. Texas courts have recognized that the workers' compensation scheme benefits both employees and employers:

The workers' compensation act was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. . . . The act relieves employees of

---

**2.** The Court has often applied more specific sections of the *Restatement* to address particular choice of law issues. *See, e.g., Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex.1997) (applying section 93 to evaluate the res judicata effect of an out-of-state judgment); *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 647 (Tex.1995) (applying section 139 to determine whether another state's attorney-client privi-

lege should apply in a Texas court case); *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53–54 (Tex.1991) (invoking section 196 to determine the law governing contracts for personal services); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex.1990) (adopting section 187 for evaluating the enforceability of contractual choice of law clauses).

the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job.... In exchange for this prompt recovery, the act prohibits an employee from seeking common-law remedies from his employer, as well as his employer's agents, servants, and employees, for personal injuries sustained in the course and scope of his employment.

*Darensburg v. Tobey*, 887 S.W.2d 84, 86 (Tex.App.—Dallas 1994, writ denied) (citing *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 739 (Tex.1980); *Paradissis v. Royal Indemn. Co.*, 507 S.W.2d 526, 529 (Tex. 1974)); *see also Garcia*, 893 S.W.2d at 511.

Louisiana also has an elective system that protects workers' compensation subscribers by providing for workers' compensation as the employee's exclusive remedy. *See* LA.REV.STAT. ANN. § 23:1 (West 1998). And Louisiana, like Texas, has an interest in maintaining a stable workers' compensation system that binds employers and employees. *See id.; see also Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93, 95 (Tex.1997). Thus, there is no policy reason to refuse to apply Louisiana's exclusive workers' compensation remedy. *See Larchmont Farms*, 941 S.W.2d at 95.

We hold that the principles of *Restatement* section 6 are served by applying section 184 to the exclusive-remedy issue, and that the court of appeals erred in failing to consider this section. We must now decide whether defendants met their summary judgment burden to show that they are entitled to section 184's protection.

## IV

### Defendants' Summary Judgment Proof

■ Defendants had the burden under section 184 to show (1) that they would be immune from this suit under Louisiana workers' compensation law, and (2) that plaintiff has obtained or could obtain an award for his injury in Louisiana. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 (1971). Their summary judgment proof establishes neither of these factors.

■ First, neither defendant established that they would be immune from this suit under Louisiana workers' compensation law. Louisiana law provides that workers' compensation benefits are an injured employee's exclusive remedy for claims against "his employer, or any principal . . ., or employee of such employer or principal under any dual capacity theory or doctrine." LA.REV.STAT. ANN. § 23:1032(A)(1)(b) (West 1998).[3] A "principal" is a person who contracts with another for the performance of work that is part of his trade, business, or occupation. *See id.* § 23:1032(A)(2). Thus, to establish immunity under Louisiana's workers' compensation law, Hughes and Bailey Wagner had to prove that they were Mack Wagner's employer, principal, or co-employee when the injury occurred. To do so, they rely exclusively upon plaintiff's petition, which alleges that he was injured while employed by "HUGHES WOOD PRODUCTS, INC. and/or BAILEY WAGNER, individually and as Agent and Representative of HUGHES WOOD PRODUCTS, INC." Defendants argue that this allegation constitutes a judicial admission conclusively establishing their employer status under the Louisiana Workers' Compensation Act. We disagree.

This Court has held that "[a]ssertions of fact, *not pled in the alternative*, in the live pleadings of a party are regarded as formal judicial admissions," and that any fact admitted is conclusively established without the necessity of introducing evidence. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983) (emphasis added). But the plaintiff here pleaded his employer's identity in the alternative.

---

**3.** Mack Wagner was injured in 1992, and we apply the Louisiana law in effect at that time. A number of the Louisiana statutes we cite have been amended since 1992, but the relevant language has not changed. Accordingly, we cite to the current statutes.

Therefore, his pleading does not constitute a judicial admission. *See id.*[4]

■■■ In any event, defendants did not prove that they would both be immune under Louisiana law. Defendants argue that, regardless of which one actually employed plaintiff, they are both immune because Louisiana workers' compensation law protects both contractors and the company that hires them (the "principal" or "statutory employer") in suits filed by the contractor's employees. *See* LA.REV.STAT. ANN. §§ 23:1031, 23:1032, 23:1061 (West 1998). They argue that if Hughes was plaintiff's direct employer, Bailey Wagner is immune as its contractor; if Bailey Wagner was plaintiff's employer, Hughes is immune as a principal and Bailey Wagner is immune as its contractor. But only Hughes had Louisiana workers' compensation coverage. Thus, Hughes and Bailey Wagner would both be immune only if (1) Hughes was plaintiff's employer and Bailey Wagner was plaintiff's co-employee, or (2) Hughes was Bailey Wagner's principal. Whether a principal is liable to a contractor's employees for workers' compensation benefits and therefore entitled to immunity turns on whether the work it contracted with another to do was "a part of [the principal's] trade, business, or occupation." *See* LA.REV.STAT. ANN. § 23:1061(A)(1) (West 1998). Whether a contractor's work is part of a principal's trade, business, or occupation is a question of fact. *See Kirkland v. Riverwood Intern. USA, Inc.*, 681 So.2d 329, 337 (La.1996).[5]

The summary judgment evidence does not establish that Hughes was a principal. It does not show that Hughes had contracted with Bailey Wagner to do logging work in Louisiana on the date that plaintiff was injured. In fact, there was summary judgment evidence that Bailey Wagner was told "not to go to work during that period of time." There is no evidence in the record to show that the logging being done in Louisiana was a part of Hughes's trade, business, or occupation.

Without summary judgment evidence showing that Hughes was a principal, there is no proof that it would be immune from suit if Bailey Wagner was plaintiff's employer. And if Bailey Wagner was the employer, he is not immune from suit because he did not have Louisiana worker's compensation coverage. In sum, defendants did not establish that they would both be immune from suit regardless of which one of them employed plaintiff.

Defendants also failed to establish the second section 184 requirement, that plaintiff has obtained or could obtain an award for his injury in Louisiana. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §.184 (1971). It is undisputed that plaintiff has not obtained an award for his injury under the Louisiana workers' compensation scheme. The only summary judgment evidence that relates to whether plaintiff could obtain an award for his injury in Louisiana is the evidence establishing that Hughes had Louisiana workers' compensation coverage in effect on April 13, 1992. This does not, however, establish that plaintiff could get an award under Hughes's policy.

First, as discussed above, without proof that plaintiff was employed by Hughes or

---

4. We note that, in response to requests for admissions, Hughes denies that plaintiff was its employee when the injury occurred:

> ... *[Hughes] denies that Mack Wagner was its employee on [the date of injury].* If it be found and determined that Hughes Wood Products, Inc. had the right of control over Mack M. Wagner at the time of the accident in question, then such Defendant is protected by the Workers' Compensation Act of the State of Texas and of the State of Louisiana. (emphasis added).

5. In *Kirkland*, the Louisiana Supreme Court listed a number of factors to be considered in determining whether the contract work in question was part of the alleged principal's trade, business, or occupation. *See* 681 So.2d at 336–37. The Legislature overruled this test in 1997, *see* LA.REV.STAT. ANN. § 23:1061 (West 1998), but did not overrule *Kirkland's* holding that whether a contractor's work is part of a principal's trade, business, or occupation is a question of fact. *See Kirkland*, 681 So.2d at 337.

that Hughes was a principal, it was not shown that plaintiff could obtain benefits under Hughes's workers' compensation coverage. *See* LA.REV.STAT. ANN. §§ 23:1031, 23:1032, 23:1061 (West 1998). Second, Hughes never filed a report of plaintiff's injury with its workers' compensation insurance carrier or with the office of workers' compensation administration as required by Louisiana law. *See* LA.REV. STAT. ANN. §§ 23:1306(A), 23:1021(8) (West 1998). Once an injury report is filed with the office of workers' compensation administration, that office sends the injured employee a brochure containing a "summary statement of the rights, benefits, and obligations of employees and employers under [the workers' compensation statute]." LA. REV.STAT. ANN. § 23:1307 (West 1998). Because Hughes never filed an injury report, plaintiff never received the brochure outlining his rights and the procedure to be followed to obtain benefits under the Louisiana workers' compensation statute, and plaintiff never filed a formal claim for benefits in Louisiana.

Under the Louisiana Workers' Compensation Act, all claims for payment are barred unless a formal claim for payment is filed within one year of the accident. *See* LA.REV.STAT. ANN. § 23:1209(A) (West 1998). There are exceptions to the one-year limitations period if the parties have agreed upon payments to be made under the Act, in which case a formal claim must be filed within one or three years of the last payment, depending upon the circumstances. *See id.* It has been seven years since plaintiff was injured, and there is no proof in the summary judgment record that a formal claim was ever filed. While there is evidence that Hughes made some payments to plaintiff following his injury, there is nothing to show when the last payment was made and no indication that the payments were made under the Louisiana Workers' Compensation Act. Consequently, defendants failed to show that plaintiff could obtain an award for his injury under the Louisiana workers' compensation statute.

Because defendants failed to show that they would be immune from plaintiff's suit under the Louisiana workers' compensation statute and that plaintiff has obtained or could obtain an award for his injury in Louisiana, they failed to invoke the protections of *Restatement* section 184. Accordingly, we affirm the court of appeals' judgment reversing the trial court's summary judgment and remanding the case to the trial court. We leave open the question of which state's law the trial court should apply to the particular substantive issues to be resolved below.