NUMBER 13-02-015-CV
NUMBER 13-02-215-CV

COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
FORD MOTOR COMPANY,                                                          Appellant,
v.
EDMOND OCANAS,                                                                      Appellee.



On appeal from the 28th District Court
of Nueces County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Dorsey



Opinion by Chief Justice Valdez
          This opinion addresses two interlocutory appeals challenging the certification of a
Texas class and nationwide class. The two class actions arise from the same underlying
facts and involve the same causes of action. 
          In cause number 13-02-015-CV, appellant, Ford Motor Company (“Ford”),
challenges the class certification of consumers in Texas who purchased Ford F-150s in
2000 or 2001 with an optional towing package that was marketed to have a larger radiator
than F-150s without the towing package. By four issues, it argues the trial court abused
its discretion when it: (1, 3) determined the requirements of rule 42(b)(4) were met; (2)
allowed plaintiff’s class action to proceed without a trial plan; and (4) determined that the
named plaintiff could adequately represent the class. We reverse and remand cause
number 13-02-015-CV.
          In cause number 13-02-215-CV, Ford appeals the certification of a nationwide class
for individuals, other than Texas consumers, who purchased new model year 2000 or 2001
F-150s with the optional “Class III Towing Group” or the “Heavy Duty Electrical/Cooling
Group.” By five issues, appellant alleges the trial court abused its discretion when it: (1) 
determined that the nationwide class met the predominance and superiority requirements
of rule 42(b)(4); (2) shifted the burden of persuasion to appellant on how the claims will
likely be tried; (3) improperly certified a nationwide class because it disturbs an order on
appeal; (4) named appellee, as a class representative; and (5) compounded the fatal
defects in the statewide class by certifying the nationwide class action. We reverse and
remand cause number 13-02-215-CV. 
I. Facts and Procedural History
          Appellee, filed suit and sought class certification against appellant on April 3, 2001
alleging: (1) breach of express warranties; (2) breach of the implied warranties of
merchantability; and (3) violations of the Deceptive Trade Practices–Consumer Protection
Act (DTPA).


 He also sought the following damages on behalf of the class: (1) cost of
replacing the existing radiator with the upgraded radiator; (2) loss of use of the vehicle
during the time of replacement; and (3) additional damages, attorney’s fees, and costs
under the DTPA. 
          According to appellee, appellant represented to consumers that F-150s with the
Class III towing package would come with a larger radiator than F-150s without the Class
III towing package. However, appellee purchased an F-150 with the optional Class III
towing package that lacked the larger radiator. Evidence at the certification hearing
indicated F-150s with the towing package were intended to have a larger radiator, but an
error during assembly equipped them with a base radiator. The trial court certified the
class under rule 42(b)(4) and named appellee class representative for individuals “who
purchased in Texas new model year 2000 - 2001 F-150 vehicles manufactured or sold by
[appellant], which vehicles included either the Class III towing group or the Heavy-Duty
Electrical/Cooling Group. (the class).”


 
          While the Texas class certification order was on appeal, appellee moved for a
nationwide class certification. On March 25, 2002, the trial court granted the nationwide
class certification under rule 42(b)(4) for “[a]ll persons who purchased in any State of the
United States of America, other than Texas, new model year 2000 - 2001 F-150 vehicles
included in either the Class III Towing Group or the Heavy-Duty Electrical/Cooling Group.
(the Class).” In the certification order, the trial court stated the predominance requirement
was met “because the two overwhelming predominant questions are: (1) Did Ford describe
the affected vehicles as having upgraded radiators? and (2) Did Ford deliver the trucks as
represented?” The trial court rejected appellant’s argument that a state-by-state choice-of-law analysis must be done for each of the fifty states before a nationwide class could be
certified “because a class certification order need not address choice of law.” Further, the
trial court stated that it would follow the In re Bridgestone/Firestone


 products liability
litigation as a model for handling a nationwide class and resolving choice-of-law issues.
II. Discussion
          In both appeals, appellant contends the trial court abused its discretion in
determining the plaintiff met his burden in establishing the predominance and superiority
requirements of rule 42(b)(4). In particular, appellant argues individualized evidence from
each class member will be necessary to prove appellee’s claims for breach of express and
implied warranties, and for violations of the DTPA. Appellant also contends the trial court
failed to consider which substantive state laws apply to appellee’s claims and how
variations in state substantive laws would be managed in the nationwide class action. “We
examine each of these categories separately and then consider whether, on the whole,
[appellee has] met [his] burden under the rule.” Henry Schein, Inc. v. Stromboe, 102
S.W.3d 675, 693 (Tex. 2002). 
A. Standard of Review
          We review a trial court’s ruling certifying a class for an abuse of discretion. Cent.
Power & Light v. City of San Juan, 962 S.W.2d 602, 607 (Tex. App.–Corpus Christi 1998,
pet. denied). However, a reviewing court will not indulge every presumption in favor of the
trial court’s ruling on certification issues. Henry Schein, Inc., 102 S.W.3d at 691. Actual
compliance “with [Texas Rule of Civil Procedure] 42 must be demonstrated; it cannot be
presumed.” Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 435 (Tex. 2000); see Tex.
R. Civ. P. 42. A court makes a meaningful determination of certification issues by going
beyond the pleadings to understand the claims, defenses, relevant facts, and substantive
law. Bernal, 22 S.W.3d at 435. A court must perform a rigorous analysis to determine
whether all prerequisites to class certification have been met and how the claims will be
tried. Id. Finally, the burden is on the party seeking class certification to prove the rule 42
requirements are met. See Henry Schein, Inc., 102 S.W.3d at 694.
          Rule 42 provides a two-step process for class certifications. See Tex. R. Civ. P. 42. 
First, all class actions must meet the four prerequisites of rule 42(a): (1) numerosity; (2)
commonality; (3) typicality; and (4) adequacy of representation. Tex. R. Civ. P. 42(a); see
Henry Schein, Inc., 102 S.W.3d at 692; Bernal, 22 S.W.3d at 433. Second, the class
action must meet one of four subdivisions under rule 42(b). Rule 42(b)(4) requires a trial
court to make two additional findings in order to certify a class action: predominance and
superiority. Tex. R. Civ. P. 42(b)(4). Both the Texas and nationwide class certification
orders stated appellee satisfied rule 42(b)(4)’s requirements. Therefore, we consider
whether this class certification satisfies rule 42(b)(4). 
B. Rule 42(b)(4)
          Rule 42(b)(4)’s purpose is to provide for economy of effort and uniformity of result
without unduly diluting the procedural safeguards for members of the class or the opposing
party. See Gen. Motors Corp. v. Bloyed, 916 S.W.2d 949, 952-53 (Tex. 1996) (discussing
objectives of rule 42); 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions
§ 4.24 (4th ed. 2002) (discussing rationale to rule 42(b)(4)’s federal counterpart). Rule
42(b)(4) allows a class action to proceed if:
the court finds that the questions of law or fact common to the members of
the class predominate over any questions affecting only individual members,
and that a class action is superior to other available methods for the fair and
efficient adjudication of the controversy. The matters pertinent to the
findings include: (A) the interest of members of the class in individually
controlling the prosecution or defense of separate actions; (B) the extent and
nature of any litigation concerning the controversy already commenced by
or against members of the class; (C) the desirability or undesirability of
concentrating the litigation of the claims in the particular forum; (D) the
difficulties likely to be encountered in the management of a class action. 
 
Tex. R. Civ. P. 42(b)(4) (emphasis added). We first consider rule 42(b)(4)’s predominance
requirement because “it is one of the most stringent prerequisites to class certification.” 
Bernal, 22 S.W.3d at 433. 
1. Predominance
          The purpose of the predominance requirement is to “prevent class action litigation 
when the sheer complexity and diversity of the individual issues would overwhelm or
confuse the jury or severely compromise a party’s ability to present viable claims or
defenses.” Id. at 434. “The test for predominance is not whether common issues
outnumber uncommon issues, but . . . ‘whether common or individual issues will be the
object of most of the efforts of the litigants and the court.’” Henry Schein, Inc., 102 S.W.3d
at 693 (quoting Bernal, 22 S.W.3d at 434); Nissan Motor Co. v. Fry, 27 S.W.3d 573, 590
(Tex. App.–Corpus Christi 2000, pet. denied). Common issues will not predominate “[i]f,
after common issues are resolved, presenting and resolving individual issues is likely to be
an overwhelming or unmanageable task for a single jury.” Bernal, 22 S.W.3d at 434. We
consider appellee’s claims for breach of express and implied warranties and violations of
the DTPA to determine whether appellee demonstrated that common issues of law or fact
predominate. See Henry Schein, Inc., 102 S.W.3d at 693.
a. Express Warranties and DTPA Violations
          Appellant directs our attention to Henry Schein, Inc. in support of its position that
individual issues predominate over common questions of law and fact. See id. at 678. In
Henry Schein, Inc., five plaintiffs filed suit against a manufacturer of dental management
software programs for DOS and Windows based software. Id. They alleged various
causes of action including breach of implied and express warranties and violations of the
DTPA. Id. The trial court certified a nationwide class of 20,000 purchasers under rule
42(b)(4). The supreme court reversed because the certification order did not comply with
rule 42(b)(4). Id. at 694.
          The supreme court stated “the court of appeals premised affirmance of the order
on the mistaken belief that reliance was not an element of the plaintiff’s principal causes
of action.” Id. The court held that reliance was a required element of proof for breach of
express warranties and DTPA “laundry list violations.” Id. at 693; see Tex. Bus. & Com.
Code Ann. § 2.313(a)(1) (Vernon 1994) (defining an express warranty as “[a]ny affirmation
of fact or promise made by the seller to the buyer which relates to the goods and becomes
part of the basis of the bargain”


 (emphasis added)); Tex. Bus. & Com. Code Ann.
§ 17.50(a)(1) (“A consumer may maintain an action where any of the following constitute
a producing cause of economic damages or damages for mental anguish: (1) the use or
employment by any person of a false, misleading, or deceptive act or practice that is: (A)
[a laundry list violation]; and (B) relied on by a consumer to a consumer’s detriment.”
(emphasis added)). Therefore, the court held that to recover for breach of express
warranties and violations of the DTPA, each class member was required to prove reliance
on misrepresentations made by the defendant. Henry Schein, Inc., 102 S.W.3d at 693. 
This is because class actions are a procedural device intended to try like claims together,
but “not meant to alter the parties’ burdens of proof, right to a jury trial, or the substantive
prerequisites to recovery under a given tort.” Id. at 693. The court then determined that
although there was “evidence that Schein wanted [plaintiffs] to rely on its advertisements
. . . there [was] no evidence that [plaintiffs] actually did rely on Schein’s statements so
uniformly that common issues of reliance predominate over individual issues.” Id. at 694. 
Therefore, the supreme court held that “the plaintiffs in this case have failed to show that
individual issues of reliance do not preclude the necessary finding of predominance under
rule 42(b)(4).” Id. 
          Like the plaintiffs in Henry Schein, Inc., appellee pleaded breach of express and
implied warranties


 and DTPA “laundry list” violations which require each class member to
prove reliance as a prerequisite to recovery. Further, although there is evidence that
appellant intended for customers to rely on representations that F-150s with a Class III
towing package would come with larger radiators, “there is no evidence that purchasers
actually did rely” on appellant’s statements “so uniformly that common issues of reliance
predominate over individual issues.” Id.; see W. Teleservices, Inc. v. Carney, 75 S.W.3d
455, 462 (Tex. App.–San Antonio 2000, no pet.) (finding individual issues will predominate
over common questions of law or fact where class members’ actual knowledge is integral
part of defendant’s defense). The supreme court noted that it is possible to certify a class
where reliance is a required element of proof if the plaintiffs can “prove reliance in an
individual action with the same proof offered to show class-wide reliance.” Henry Schein,
Inc., 102 S.W.3d at 694; see Snyder Communications v. Magana, 94 S.W.3d 213, 235
(Tex. App.–Corpus Christi 2002, pet. filed) (finding 42(b)(4) requirements met where
misrepresentations uniform as to all class members). However, appellee did not meet this
burden.
b. Choice-of-law issues
          The nationwide class certification compounds the defects of the statewide class
action because it improperly applied Michigan law to the nationwide class action since that
is where appellant is headquartered. At the certification hearing, appellee relied on In re
Bridgestone/Firestone, Inc., Tire Products Liability Litigation, 155 F. Supp. 2d 1069, 1076
(S.D. Ind. 2001), rev’d, 288 F.3d 1012 (7th Cir. 2002), as a model for resolving choice-of-law issues for the nationwide class. In that case, the court resolved choice-of-law issues
by concluding the laws of the defendants’ headquarters applied to the entire class. Id. at
1015. 
          However, Texas “does not apply the law of the state where a defendant is
headquartered to every claim for economic damages that can be alleged against the
defendant.” Henry Schein, Inc. 102 S.W.3d at 698. Instead, Texas follows the
Restatement’s “substantial relationship” test to resolve choice-of-law issues. Hughes
Wood Prod., Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000); see Restatement (Second)
of Conflicts of Laws § 6 (1971). Under this approach, courts consider “the qualitative
nature of the particular contacts” with a state, and the “state policies underlying the
particular substantive issue[s]” before deciding which state’s law to apply. Duncan v.
Cessna Aircraft, Co., 665 S.W.2d 414, 421 (Tex. 1984). 
          Appellee failed to properly address choice-of-law issues in seeking class certification
including how variances among states’ consumer protection laws could or would be
handled. Henry Schein, Inc., 102 S.W.3d at 698-99. Thus, appellee failed to demonstrate
that common legal issues predominate over individual ones.
2. Superiority
          Rule 42(b)(4) also requires a class action to be “superior to other available methods
for the fair and efficient adjudication of the controversy.” Tex. R. Civ. P. 42(b)(4); Henry
Schein Inc., 102 S.W.3d at 699. Efficiency, however, should not be had at the expense
of a fair adjudication. That is, the right to a fair trial requires “that each party have the
opportunity to adequately and vigorously present any material claims and defenses.” 
Bernal, 22 S.W.3d at 437. 
          Here, the certification order states that “[a] class action is superior to other available
methods for the fair and efficient adjudication of this controversy.” The certification order
does not discuss how individual issues, such as reliance, will be addressed to fairly allow
appellant to present viable claims or defenses. See id. We find that appellee failed to
establish that this class action is more efficient than other methods of adjudicating the
class members’ claims given the necessity of individual determinations regarding reliance
and choice-of-law analysis. We hold that the appellee failed to satisfy the superiority
requirement of rule 42(b)(4). See Tex. R. Civ. P. 42(b)(4). 
III. Conclusion
          We do not say “that no class can be certified in this case; that matter must be
decided by the trial court in the first instance.” Henry Schein, Inc., 102 S.W.3d at 701. We
find only that appellee failed to show that individualized determinations will not predominate
over common questions of law or fact, and that this class action is more efficient than other
methods of adjudicating the class members’ claims. We recognize that the trial court did
not have the benefit of Henry Schein, Inc. when it certified this class. However, following
Henry Schein, Inc., as we must, we reverse the judgment of the trial court and remand for
further proceedings. 
 
                                                                                                                                 
                                                                                      Rogelio Valdez,
                                                                                      Chief Justice
Opinion delivered and filed
this 22nd day of April, 2004.