

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00591-CV

Zaid **TOZI**,
Appellant

v.

**RJ & SONS LLC**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVF001538D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:     Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: October 28, 2020

REVERSED AND REMANDED

Zaid Tozi appeals the trial court's judgment granting RJ & Sons, LLC's ("RJ") plea to the jurisdiction and dismissing all of Tozi's claims. On appeal, Tozi argues that because RJ is an employer in Texas that is a non-subscriber under the Texas Workers' Compensation Act, the trial court erred in determining that Tozi could not maintain his lawsuit in Texas. In response, RJ argues that Texas courts lack subject-matter jurisdiction over Tozi's claims regarding an injury that allegedly occurred on the job because the Michigan Bureau of Workers' Compensation has

exclusive jurisdiction over Tozi's claims. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

Tozi, a resident of San Antonio, Texas, saw a job listing on Craigslist for a commercial truck driver posted by RJ. While in San Antonio, Tozi completed and submitted the job application to RJ. He then began exchanging text messages with Charles Thompson, RJ's safety manager, about the hiring process. RJ paid for Tozi to take a drug test at an urgent care clinic in San Antonio. A few days later, he was informed by Thompson that he had passed the drug test. Thompson told Tozi to be ready for a trip to Laredo, Texas. Thompson said that Tozi was being hired in Texas but explained that the main office for RJ was located in Michigan. Thompson then told Tozi to pick up a truck owned by RJ in Laredo, Texas, and take his first load, a load of auto parts, to Michigan. While in Michigan, Tozi underwent orientation and signed paperwork. He then left Michigan and drove an RJ truck back to Laredo, Texas. On July 11, 2017, while at a gas station in Laredo, Tozi fell out of the 18-wheeler truck. According to Tozi, the door of the truck "was jammed" and to exit the truck, he "had to push hard against the door to force it open." "When the door finally opened [Tozi's] weight was against it, and [Tozi] fell out of the tractor injuring [himself]." In falling, Tozi injured his knee and returned to San Antonio to get medical treatment. According to Tozi, RJ did not assist him in getting medical treatment and has disputed his claims. Tozi has not received any benefits from RJ.

On August 7, 2018, Tozi sued RJ in state district court in Webb County, Texas, for negligence, alleging that RJ was a non-subscriber to the Texas Workers' Compensation Act. On October 3, 2018, RJ filed a general denial and a plea to the jurisdiction, arguing that Texas courts lack subject matter jurisdiction over Tozi's claims. According to RJ, the Michigan Bureau of Workers' Compensation has exclusive jurisdiction over Tozi's claims. Tozi then amended his

petition to add a claim for retaliation pursuant to chapter 451 of the Texas Labor Code. On June 18, 2019, the trial court held a hearing on RJ's plea to the jurisdiction. On June 20, 2019, the trial court granted RJ's plea to the jurisdiction and dismissed all of Tozi's claims. Tozi then appealed.

### DISCUSSION

Tozi argues the trial court erred in granting RJ's plea to the jurisdiction and determining that the state district court in Webb County lacked subject matter jurisdiction over his claims. A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). We review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "We construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id*. When a "plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Id*. at 227. In doing so, our review of the evidence mirrors summary judgment standards. *Id*. at 228.

We presume that state district courts are authorized to resolve disputes unless the constitution or other law conveys exclusive jurisdiction on another court or administrative agency. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007); *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *In re Sw. Bell*, 235 S.W.3d at 624-25. Whether an agency has exclusive jurisdiction is a matter of law subject to de novo review. *Id*.

at 625. If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction. *Id*.

In the context of employee-related injuries suffered on the job, the Texas Workers' Compensation Act vests the Division of Workers' Compensation ("DWC") within the Texas Department of Insurance with exclusive jurisdiction to determine a claimant's entitlement to medical and income benefits. *See* TEX. LAB. CODE §§ 402.001, 408.001, 410.251, 413.031. Because the DWC has exclusive jurisdiction, a claimant must exhaust all administrative remedies in the agency before filing a claim in the trial court. *In re New Hampshire Ins. Co.*, 360 S.W.3d 597, 601 (Tex. App.—Corpus Christi-Edinburg 2011, no pet.). "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *Id*. at 601-02 (quoting *In re Entergy Corp.*, 142 S.W.3d at 321-22). "The exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court must address those issues." *Id*. at 602. With respect to Tozi's injuries, it is undisputed in this case that RJ did not have workers' compensation insurance in Texas that covered any claims brought by Tozi and thus is a nonsubscriber to the Texas Workers' Compensation Act. Accordingly, the Texas Workers' Compensation Act would not bar Tozi from filing suit against RJ in Texas state court.

Instead, in its plea to the jurisdiction, RJ argued that the <u>Michigan Bureau of Workers' Compensation</u> has exclusive jurisdiction over Tozi's claims and thus deprives <u>a Texas court</u> of jurisdiction. In support of this assertion, RJ in its brief points to *Celadon Trucking Services, Inc. v. Martinez*, 320 S.W.3d 377 (Tex. App.—El Paso 2010, pet. denied).

In *Celadon*, the El Paso Court of Appeals determined that the Indiana Workers' Compensation Board had exclusive jurisdiction over claims brought by a truck driver against his employer for injuries suffered on-the-job during a vehicular accident in Texas. *Id*. at 380. In doing

so, the court of appeals pointed to a Texas statute: section 406.073(a) of the Texas Labor Code. *See Celadon*, 320 S.W.3d at 383. Section 406.073(a) provides that "[a]n employee whose work requires regular travel between this state and at least one other jurisdiction *may agree in writing with the employer on the principal location of the employment*." TEX. LABOR CODE § 406.073(a) (emphasis added). The employee in *Celadon* had signed an agreement that stated his employment was "principally localized in Indiana" and that "Indiana workers' compensation law would apply to the settlement of any claim arising out of any job related injury." *Id*. Because "Texas permit[ted] an employee to agree in writing with the employer on the principal location of the employment" pursuant to section 406.073(a), the court of appeals held that the employee was required to present his claims to the Indiana Workers' Compensation Board before filing his lawsuit in court. *Celadon*, 320 S.W.3d at 384-85. Here, however, there is no such agreement signed by Tozi and RJ. Thus, section 406.073(a) does not apply to this case, making the holding in *Celadon* distinguishable from the facts presented here.

RJ alternatively argues that Michigan law should apply to this case under the *Restatement (Second) Conflict of Laws* and that under Michigan law, Tozi cannot bring his claim in a trial court until he exhausts all his administrative remedies with the Michigan Bureau of Workers' Compensation. In Texas, the applicable law is determined by the Restatement's "most significant relationship" test. *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 928 (Tex. 2010) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971)). In the context of a case involving issues of workers' compensation, the Texas Supreme Court held in *Hughes Wood Products, Inc. v. Wagner* that a court should "consider which state has the most significant relationship *to the issue to be resolved*, that is the exclusive-remedy issue." 18 S.W.3d 202, 203 (Tex. 2000) (emphasis added). The supreme court explained that "[s]ection 184 of the *Restatement* provides the standards by which a court is to determine immunity from a tort suit when an

employee is covered by workers' compensation insurance." *Hughes*, 18 S.W.3d at 205 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 (1971)). Section 184 provides the following:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where the employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196.

RESTATEMENT (SECOND) OF CONFLICTS § 184 (1971).

In adopting section 184 of the *Restatement*, the Texas Supreme Court explained that application of section 184 "protects the parties' justified expectations because '[i]t is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states.'" *Hughes Wood*, 18 S.W.3d at 206. "Section 184 also recognizes the relative interests of other states in providing an exclusive workers' compensation remedy, because 'to deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state to restrict the costs of industrial accidents.'" *Id*. (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 cmt. b (1971)). "Moreover, '[a]ll states are sympathetic with the policies underlying workmen's compensation, and all states grant certain persons immunity from liability for tort or wrongful death." *Id*. (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 cmt. b (1971)) (alteration in original). Thus, according to the supreme court, "section 184's application (1) serves the needs of the interstate system, (2) applies the relevant policies of the forum, (3) promotes the basic policies underlying the workers' compensation system, (4) protects justified expectations,

(5) facilitates certainty, predictability, and uniformity of result, and (6) eases the determination and application of the law to be applied." *Id*. (applying factors set forth in section 6 of the RESTATEMENT (SECOND) CONFLICT OF LAWS). In comparing the Texas Workers' Compensation Act with the Louisiana version, the supreme court noted that "there is no policy reason to refuse to apply Louisiana's exclusive workers' compensation remedy." *Id*. at 207.

The supreme court then considered whether the defendants in the trial court had met their summary judgment burden to show that they were entitled to section 184's protection. *Id*. According to the supreme court, the defendants "had the burden under section 184 to show (1) that they would be immune from suit under Louisiana workers' compensation law, and (2) that plaintiff has obtained or could obtain an award for his injury in Louisiana." *Hughes*, 18 S.W.3d at 207. According to the supreme court, the defendants' summary judgment proof had not established either requirement. *Id*.

First, the supreme court noted that to establish they were immune under Louisiana's workers' compensation law, the defendants had to prove they were the plaintiff's "employer, principal, or co-employee when the injury occurred." *Id*. The supreme court criticized the defendants for relying exclusively on allegations in the plaintiff's petition that the plaintiff was injured while employed by "HUGHES WOOD PRODUCTS, INC. and/or BAILEY WAGNER, individually and as Agent Representative of HUGHES WOOD PRODUCTS, INC." *Id*. While the defendants argued this allegation in the plaintiff's petition was "a judicial admission conclusively establishing their employer status under the Louisiana Workers' Compensation Act," the supreme court disagreed, explaining that only "assertions of fact, *not plead in the alternative*, in the live pleadings of a party are regarded as formal judicial admissions." *Id*. (emphasis in original). According to the supreme court, because the plaintiff had pled in the alternative, his petition did not constitute a judicial admission. *Id*. at 207-08.

Second, the supreme court explained the defendants had "also failed to establish the second section 184 requirement, that plaintiff has obtained or could obtain an award for his injury in Louisiana." *Id*. at 208. The court explained that it was undisputed that the plaintiff had not obtained an award for his injury under the Louisiana workers' compensation scheme. *Id*. "The only summary judgment evidence that relates to whether plaintiff could obtain an award for his injury in Louisiana is the evidence establishing that Hughes had Louisiana workers' compensation coverage in effect on August 13, 1992." *Id*. The supreme court emphasized that this evidence did not "establish that plaintiff could get an award under Hughes's policy." *Id*. The court first noted that without proof the plaintiff was employed by Hughes or that Hughes was a principal, there was no evidence the plaintiff could obtain benefits under Hughes's workers' compensation coverage. *Id*. at 208-09. "Second, Hughes never filed a report of plaintiff's injury with its workers' compensation insurance carrier or with the office of workers' compensation administration as required by Louisiana law." *Id*. at 209. Thus, the supreme court held that because the defendants had failed in their burden "to show that they would be immune from plaintiff's suit under Louisiana workers' compensation statute and that plaintiff has obtained or could obtain an award for his injury in Louisiana, they failed to invoke the protections of *Restatement* section 184." *Id*.

In applying Section 184 and the holding in *Hughes* to the facts of this case, we must consider whether RJ met its burden in its plea to the jurisdiction to show that (1) it would be immune from suit under Michigan workers' compensation law, and (2) Tozi has obtained or could obtain an award for his injury in Michigan. *Hughes*, 18 S.W.3d at 207.

To be entitled to Michigan's exclusive remedy provision, Michigan law requires the following:

(1) Each employer under this act, *subject to the approval of the director*, shall secure the payment of compensation under this act *by either of the following methods*:

(a) By receiving authorization from the director to be a self-insurer. . . .

(b) By insuring against liability with an insurer authorized to transact the business of workers' compensation insurance within this state. . . .

(7) The director *may review and alter a decision approving the election of an employer to adopt any [one] of the methods permitted by subsection (1)*, (2), or (4) if, in the director's judgment, that action is necessary or desirable for any reason. . . .

MICH. COMP. LAWS § 418.611 (1), (7) (emphasis added). RJ claims that it has shown it has obtained workers' compensation insurance in compliance with subsection (1)(b). However, Tozi responds that by the plain language of section 418.611, obtaining workers' compensation insurance is not sufficient for an employer to be entitled to exercise the exclusive remedy provision because subsection (1) requires "approval of the director." *See id*. We agree with Tozi. While RJ argues that "approval of the director" applies only if an employer is seeking self-insurance under subsection (1)(a), the plain reading of subsection (1) applies "approval of the director" to both subsections (1)(a) and (1)(b). *See* MICH. COMP. LAWS § 418.611 (1). Further, subsection (7) discusses the ability of the director to "review and alter a decision *approving* the election of an employer to adopt any [one] of the methods permitted by subsection (1)." *See id*. § 418.611(7) (emphasis added). As evidence that it complied with section 418.611, RJ attached to its plea to the jurisdiction an affidavit by Stacy Klein and to its reply to Tozi's response an amended affidavit of Stacy Klein. Klein is a claims manager with Grand River Services, the claims adjusting service for RJ's insurance policy. Klein's amended affidavit states that "[a]s a claims manager who specifically works with workers' compensation policies, [she has] to be knowledgeable of the requirements relating to workers' compensation of different states, including Michigan." The affidavit further states that "[f]rom [her] experience and knowledge of workers' compensation, RJ is required to carry workers' compensation insurance in the State of Michigan." The affidavit then states that at the time of Tozi's injury, RJ "had in effect, a valid Workers Compensation and Employers Liability Insurance Policy." RJ relies on these statements as proof they have complied

with section 418.611 of the Michigan Compiled Laws. However, Klein's statement that RJ's policy is "valid" is conclusory in that it provides no factual basis of how such a policy is "valid" in Michigan or complies with section 418.611. *See Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("The mere recitation that the affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the knowledge."); *see also Coleman v. United Savs. Ass'n*, 846 S.W.2d 128, 131 (Tex. App.—Fort Worth 1993, no writ) (explaining that requirement that an affidavit be made on personal knowledge is not satisfied "by a self-serving recitation by the affiant that she has 'personal knowledge'"). Thus, we hold that RJ did not meet its burden under section 184 of the *Restatement* to show that it would be immune from suit under Michigan workers' compensation law.[1] *See Hughes*, 18 S.W.3d at 207.

With regard to the second requirement under section 184 of the *Restatement*, it is undisputed that Tozi has not obtained an award for his injury in Michigan. Indeed, RJ filed a workers' compensation claim on his behalf only after Tozi filed the underlying lawsuit. Tozi argues that under Michigan law, he will not be able to obtain an award for his injury because he is not a resident of Michigan and his contract of hire was not made in Michigan. Section 418.845 of the Michigan Compiled Laws provides that its

---

[1] We note that RJ in its brief points to exhibits it has included in its appendix as evidence to support its plea to the jurisdiction. These exhibits, however, were not submitted in the trial court and are not part of the appellate record. Therefore, they cannot be considered on appeal. RJ claims these exhibits should be considered on appeal because Tozi has argued "for the first time in his Appellate Brief that the insurance policy produced by RJ was not enough to show compliance with Michigan workers' compensation law." Tozi's argument, however, goes directly to the burden RJ was required to meet in the trial court. Under *Hughes*, to be entitled to dismissal of Tozi's lawsuit, RJ had the burden to show it was entitled to protection under section 184 of the *Restatement*. Whether Tozi brought this specific argument in the trial court is irrelevant. RJ had the burden to show it was entitled to dismissal pursuant to its plea to the jurisdiction.

workers' compensation agency shall have jurisdiction over all controversies arising out of injuries suffered outside this state if the injured employee is employed by an employer subject to this act and *if either the employee is a resident of this state at the time of injury or the contract of hire was made in this state*. The employee or his or her dependents shall be entitled to the compensation and other benefits provided by this act.

MICH. COMP. LAWS § 418.845 (emphasis added). It is undisputed that Tozi is not a resident of Michigan. Thus, the issue becomes whether RJ met its burden to show that Tozi's contract of hire was made in Michigan.

As evidence that Tozi's contract of hire was made in Michigan, RJ attached to its plea to the jurisdiction the December 11, 2018 affidavit of Charles Pointer, the Safety & Recruiting Manager at RJ. In his affidavit, Pointer states the following facts: (1) Tozi "was physically present in the State of Michigan when he was hired by RJ"; (2) Tozi "completed the application and employment process while physically present in Michigan"; (3) Tozi "attended orientation in Michigan"; (4) Tozi "performed his road driving test in Michigan"; and (5) Tozi "was made aware his employment began in Michigan."

In response to the plea to the jurisdiction, Tozi attached his affidavit of February 19, 2019, in which he affirmed the following facts about his hire: (1) Tozi "started a job search while living in San Antonio, Texas, where [he] currently live[s] and ha[s] lived since 2009"; (2) he looked for "jobs listed on the Craigslist website" and "found a driver position job for RJ"; (3) he "responded to the ad and filled out an application for employment and began communicating with the agent for" RJ; (4) Charles Thompson, an agent for RJ, "coordinated [his] hiring and sent [him] for a urine test necessary for employment with RJ" to an urgent care clinic in San Antonio, Texas, and paid for the cost of the test; (5) Thompson later stated to him in a text message that his "test results came back and to be ready for [his] trip to Laredo, Texas"; (6) Thompson stated to Tozi that he "was getting hired in Texas but the main office for RJ was in Michigan"; (7) Thompson told Tozi

that he "was all set and directed [him] to pick up his truck in Laredo, Texas, and to take [his] first load, which was a load of auto parts, to Michigan"; and (8) Tozi's understanding was that he "was hired in Laredo, Texas because that [was] when [he] was given the truck, started being paid, took [his] first load and began [his] job."

We conclude that Tozi's affidavit presents disputed material facts regarding the location of his hire. *See Miranda*, 133 S.W.3d at 228 (explaining that when courts consider relevant evidence submitted by the parties to resolve a jurisdictional issue in a plea to the jurisdiction, an appellate court's review of the evidence mirrors summary judgment standards). And, according to Michigan law, if his contract for hire occurred outside the state of Michigan, he would not be entitled to an award under Michigan's workers' compensation system. *See* MICH. COMP. LAWS § 418.845. Because of this issue of material fact surrounding the location of Tozi's contract for hire, we hold RJ has also not met its burden under the second requirement of section 184 of the *Restatement* to show that Tozi could obtain an award for his injury in Michigan. *See Hughes*, 18 S.W.3d at 207.

Because RJ has not met its burden to show it was entitled to the protections of section 184 of the *Restatement*, we hold the trial court erred in granting RJ's plea to the jurisdiction. We therefore reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Liza A. Rodriguez, Justice