**FORD MOTOR COMPANY, Appellant,**

v.

**Edmond OCANAS, Appellee.**

Nos. 13–02–015–CV, 13–02–215–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 22, 2004.

As Amended on Overruling of Rehearing
July 15, 2004.

Brian C. Anderson, Evelyn L. Becker, John H. Beisner, Patrick R. Rizzi, Omelveny & Myers, Washington, DC, Craig A. Morgan, Brown McCarroll Austin, for Appellant.

David T. Burkette, Burkett and Ocanas, John Blaise Gsanger, William R. Edwards, William R. Edwards, III, Edwards Law Firm LLP, Corpus Christi, Douglas A. Millen, Steven A. Kanner, William H. London, Chicago, IL, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Chief Justice VALDEZ.

This opinion addresses two interlocutory appeals challenging the certification of a Texas class and nationwide class. The two class actions arise from the same underlying facts and involve the same causes of action.

In cause number 13–02–015–CV, appellant, Ford Motor Company ("Ford"), challenges the class certification of consumers in Texas who purchased Ford F–150s in 2000 or 2001 with an optional towing package that was marketed to have a larger radiator than F–150s without the towing package. By four issues, it argues the trial court abused its discretion when it: (1, 3) determined the requirements of rule 42(b)(4) were met; (2) allowed plaintiff's class action to proceed without a trial plan; and (4) determined that the named plaintiff could adequately represent the class. We reverse and remand cause number 13–02–015–CV.

In cause number 13–02–215–CV, Ford appeals the certification of a nationwide class for individuals, other than Texas consumers, who purchased new model year 2000 or 2001 F–150s with the optional "Class III Towing Group" or the "Heavy Duty Electrical/Cooling Group." By five issues, appellant alleges the trial court abused its discretion when it: (1) determined that the nationwide class met the predominance and superiority requirements of rule 42(b)(4); (2) shifted the burden of persuasion to appellant on how the claims will likely be tried; (3) improperly certified a nationwide class because it disturbs an order on appeal; (4) named appellee, as a class representative; and (5) compounded the fatal defects in the statewide class by certifying the nationwide class action. We reverse and remand cause number 13–02–215–CV.

## I. Facts and Procedural History

Appellee, filed suit and sought class certification against appellant on April 3, 2001 alleging: (1) breach of express warranties; (2) breach of the implied warranties of merchantability; and (3) violations of the

---

1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to section 74.003 of the government code, and whose assignment expired on August 31, 2003, did not participate in this decision. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

Deceptive Trade Practices—Consumer Protection Act (DTPA).[2] He also sought the following damages on behalf of the class: (1) cost of replacing the existing radiator with the upgraded radiator; (2) loss of use of the vehicle during the time of replacement; and (3) additional damages, attorney's fees, and costs under the DTPA.

According to appellee, appellant represented to consumers that F–150s with the Class III towing package would come with a larger radiator than F–150s without the Class III towing package. However, appellee purchased an F–150 with the optional Class III towing package that lacked the larger radiator. Evidence at the certification hearing indicated F–150s with the towing package were intended to have a larger radiator, but an error during assembly equipped them with a base radiator. The trial court certified the class under rule 42(b)(4) and named appellee class representative for individuals "who purchased in Texas new model year 2000–2001 F–150 vehicles manufactured or sold by [appellant], which vehicles included either the Class III towing group or the Heavy–Duty Electrical/Cooling Group. (the class)." [3]

While the Texas class certification order was on appeal, appellee moved for a nationwide class certification. On March 25, 2002, the trial court granted the nationwide class certification under rule 42(b)(4) for "[a]ll persons who purchased in any State of the United States of America, other than Texas, new model year 2000–2001 F–150 vehicles included in either the Class III Towing Group or the Heavy–Duty Electrical/Cooling Group. (the Class)." In the certification order, the trial court stated the predominance requirement was met "because the two overwhelming predominant questions are: (1) Did Ford describe the affected vehicles as having upgraded radiators? and (2) Did Ford deliver the trucks as represented?" The trial court rejected appellant's argument that a state-by-state choice-of-law analysis must be done for each of the fifty states before a nationwide class could be certified "because a class certification order need not address choice of law." Further, the trial court stated that it would follow the *In re Bridgestone/Firestone*[4] products liability litigation as a model for handling a nationwide class and resolving choice-of-law issues.

## II. Discussion

In both appeals, appellant contends the trial court abused its discretion in determining the plaintiff met his burden in establishing the predominance and superiority requirements of rule 42(b)(4). In particular, appellant argues individualized evidence from each class member will be necessary to prove appellee's claims for breach of express and implied warranties,

---

**2.** *See* Tex. Bus. & Com.Code Ann. § 17.50 (Vernon 2002).

**3.** The certification order excluded the following from the class action:

Excluded from the class are: (a) any person, firm, trust, corporation or other entity related to or affiliated with Ford Motor Company; (b) any person, firm, trust, corporation, or other entity who purchased for resale from Ford Motor Company or any entity related to or affiliated with Ford Motor Company, new model year 2000–2001 Ford F–150 vehicles; and any person who has an action for damages for personal injury or death or property damage against Ford Motor Company resulting from Ford's failure to equip the vehicles with larger, upgraded radiators.

Also excluded from the class are persons or entities who have suffered damages, including attorneys' fees, additional damages, and costs of court in excess of $74,500.00.

**4.** *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F.Supp.2d 1069, 1076 (S.D. Indiana 2001).

and for violations of the DTPA. Appellant also contends the trial court failed to consider which substantive state laws apply to appellee's claims and how variations in state substantive laws would be managed in the nationwide class action. "We examine each of these categories separately and then consider whether, on the whole, [appellee has] met [his] burden under the rule." *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 693 (Tex.2002).

## A. Standard of Review

▮▮ We review a trial court's ruling certifying a class for an abuse of discretion. *Cent. Power & Light v. City of San Juan,* 962 S.W.2d 602, 607 (Tex.App.-Corpus Christi 1998, pet. denied). However, a reviewing court will not indulge every presumption in favor of the trial court's ruling on certification issues. *Henry Schein, Inc.,* 102 S.W.3d at 691. Actual compliance "with [Texas Rule of Civil Procedure] 42 must be demonstrated; it cannot be presumed." *Southwestern Ref. Co. v. Bernal,* 22 S.W.3d 425, 435 (Tex.2000); *see* Tex.R. Civ. P. 42. A court makes a meaningful determination of certification issues by going beyond the pleadings to understand the claims, defenses, relevant facts, and substantive law. *Bernal,* 22 S.W.3d at 435. A court must perform a rigorous analysis to determine whether all prerequisites to class certification have been met and how the claims will be tried. *Id.* Finally, the burden is on the party seeking class certification to prove the rule 42 requirements are met. *See Henry Schein, Inc.,* 102 S.W.3d at 694.

Rule 42 provides a two-step process for class certifications. *See* Tex.R. Civ. P. 42. First, all class actions must meet the four prerequisites of rule 42(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Tex.R. Civ. P. 42(a); *see Henry Schein, Inc.,* 102 S.W.3d

at 692; *Bernal,* 22 S.W.3d at 433. Second, the class action must meet one of four subdivisions under rule 42(b). Rule 42(b)(4) requires a trial court to make two additional findings in order to certify a class action: predominance and superiority. Tex.R. Civ. P. 42(b)(4). Both the Texas and nationwide class certification orders stated appellee satisfied rule 42(b)(4)'s requirements. Therefore, we consider whether this class certification satisfies rule 42(b)(4).

## B. Rule 42(b)(4)

▮▮ Rule 42(b)(4)'s purpose is to provide for economy of effort and uniformity of result without unduly diluting the procedural safeguards for members of the class or the opposing party. *See Gen. Motors Corp. v. Bloyed,* 916 S.W.2d 949, 952–53 (Tex.1996) (discussing objectives of rule 42); 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 4.24 (4th ed.2002) (discussing rationale to rule 42(b)(4)'s federal counterpart). Rule 42(b)(4) allows a class action to proceed if:

the court finds that the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

TEX.R. CIV. P. 42(b)(4) (emphasis added). We first consider rule 42(b)(4)'s predominance requirement because "it is one of the most stringent prerequisites to class certification." *Bernal,* 22 S.W.3d at 433.

## 1. Predominance

▮▮▮ The purpose of the predominance requirement is to "prevent class action litigation when the sheer complexity and diversity of the individual issues would overwhelm or confuse the jury or severely compromise a party's ability to present viable claims or defenses." *Id.* at 434. "The test for predominance is not whether common issues outnumber uncommon issues, but ... 'whether common or individual issues will be the object of most of the efforts of the litigants and the court.'" *Henry Schein, Inc.,* 102 S.W.3d at 693 (quoting *Bernal,* 22 S.W.3d at 434); *Nissan Motor Co. v. Fry,* 27 S.W.3d 573, 590 (Tex.App.-Corpus Christi 2000, pet. denied). Common issues will not predominate "[i]f, after common issues are resolved, presenting and resolving individual issues is likely to be an overwhelming or unmanageable task for a single jury." *Bernal,* 22 S.W.3d at 434. We consider appellee's claims for breach of express warranties and violations of the DTPA to determine whether appellee demonstrated that common issues of law or fact predominate. *See Henry Schein, Inc.,* 102 S.W.3d at 693.

### a. Express Warranties and DTPA Violations

Appellant directs our attention to *Henry Schein, Inc.* in support of its position that individual issues predominate over common questions of law and fact. *See id.* at 678. In *Henry Schein, Inc.,* five plaintiffs filed suit against a manufacturer of dental management software programs for DOS and Windows based software. *Id.* They alleged various causes of action including breach of implied and express warranties and violations of the DTPA. *Id.* The trial court certified a nationwide class of 20,000 purchasers under rule 42(b)(4). The supreme court reversed because the certification order did not comply with rule 42(b)(4). *Id.* at 694.

The supreme court stated "the court of appeals premised affirmance of the order on the mistaken belief that reliance was not an element of the plaintiff's principal causes of action." *Id.* The court held that reliance was a required element of proof for breach of express warranties and DTPA "laundry list violations." *Id.* at 693; *see* TEX. BUS. & COM.CODE ANN. § 2.313(a)(1) (Vernon 1994) (defining an express warranty as "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the *basis of the bargain* "[5] (emphasis added)); TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) ("A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish: (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is: (A) [a laundry list violation]; and (B) *relied* on by a consumer to a consumer's detriment." (emphasis added)). Therefore, the court held that to recover for breach of express warranties and violations of the DTPA, each class member was required to prove reliance on misrepresentations made by the defendant. *Henry Schein, Inc.,* 102 S.W.3d at 693. This is because class actions are a procedural device intended to try like claims together,

---

**5.** The court stated that "basis of the bargain," to a certain extent, requires a form of reliance because "it loosely reflects the common-law express warranty requirement of reliance." *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 686 n. 23 (Tex.2002).

but "not meant to alter the parties' burdens of proof, right to a jury trial, or the substantive prerequisites to recovery under a given tort." *Id.* at 693. The court then determined that although there was "evidence that Schein *wanted* [plaintiffs] to rely on its advertisements ... there [was] no evidence that [plaintiffs] *actually* did rely on Schein's statements so uniformly that common issues of reliance predominate over individual issues." *Id.* at 694. Therefore, the supreme court held that "the plaintiffs in this case have failed to show that individual issues of reliance do not preclude the necessary finding of predominance under rule 42(b)(4)." *Id.*

Like the plaintiffs in *Henry Schein, Inc.*, appellees pleaded breach of express and warranties and DTPA "laundry list" violations which require each class member to prove reliance as a prerequisite to recovery. Further, although there is evidence that appellant intended for customers to rely on representations that F–150s with a Class III towing package would come with larger radiators, "there is no evidence that purchasers *actually did* rely" on appellant's statements "so uniformly that common issues of reliance predominate over individual issues." *Id.*; *see W. Teleservices, Inc. v. Carney*, 75 S.W.3d 455, 462 (Tex.App.-San Antonio 2000, no pet.) (finding individual issues will predominate over common questions of law or fact where class members' actual knowledge is integral part of defendant's defense). The supreme court noted that it is possible to certify a class where reliance is a required element of proof if the plaintiffs can "prove reliance in an individual action with the same proof offered to show class-wide reliance." *Henry Schein, Inc.*, 102 S.W.3d at 694; *see Snyder Communications v. Magana*, 94 S.W.3d 213, 235 (Tex.App.-Corpus Christi 2002, pet. filed) (finding 42(b)(4) requirements met where misrepresentations uniform as to all class members). However, appellee did not meet this burden.

### b. Choice-of-law issues

▪ The nationwide class certification compounds the defects of the statewide class action because it improperly applied Michigan law to the nationwide class action since that is where appellant is headquartered. At the certification hearing, appellee relied on *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 155 F.Supp.2d 1069, 1076 (S.D.Ind. 2001), *rev'd*, 288 F.3d 1012 (7th Cir.2002), as a model for resolving choice-of-law issues for the nationwide class. In that case, the court resolved choice-of-law issues by concluding the laws of the defendants' headquarters applied to the entire class. *Id.* at 1015.

▪ However, Texas "does not apply the law of the state where a defendant is headquartered to every claim for economic damages that can be alleged against the defendant." *Henry Schein, Inc.* 102 S.W.3d at 698. Instead, Texas follows the Restatement's "substantial relationship" test to resolve choice-of-law issues. *Hughes Wood Prod., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex.2000); *see* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6 (1971). Under this approach, courts consider "the qualitative nature of the particular contacts" with a state, and the "state policies underlying the particular substantive issue[s]" before deciding which state's law to apply. *Duncan v. Cessna Aircraft, Co.*, 665 S.W.2d 414, 421 (Tex.1984).

Appellee failed to properly address choice-of-law issues in seeking class certification including how variances among states' consumer protection laws could or would be handled. *Henry Schein, Inc.*, 102 S.W.3d at 698–99. Thus, appellee

failed to demonstrate that common legal issues predominate over individual ones.

## 2. Superiority

 Rule 42(b)(4) also requires a class action to be "superior to other available methods for the fair and efficient adjudication of the controversy." Tex.R. Civ. P. 42(b)(4); *Henry Schein Inc.*, 102 S.W.3d at 699. Efficiency, however, should not be had at the expense of a fair adjudication. That is, the right to a fair trial requires "that each party have the opportunity to adequately and vigorously present any material claims and defenses." *Bernal*, 22 S.W.3d at 437.

Here, the certification order states that "[a] class action is superior to other available methods for the fair and efficient adjudication of this controversy." The certification order does not discuss how individual issues, such as reliance, will be addressed to fairly allow appellant to present viable claims or defenses. *See id.* We find that appellee failed to establish that this class action is more efficient than other methods of adjudicating the class members' claims given the necessity of individual determinations regarding reliance and choice-of-law analysis. We hold that the appellee failed to satisfy the superiority requirement of rule 42(b)(4). *See* Tex.R. Civ. P. 42(b)(4).

## III. Conclusion

We do not say "that no class can be certified in this case; that matter must be decided by the trial court in the first instance." *Henry Schein, Inc.*, 102 S.W.3d at 701. We find only that appellee failed to show that individualized determinations will not predominate over common questions of law or fact, and that this class action is more efficient than other methods

of adjudicating the class members' claims. We recognize that the trial court did not have the benefit of *Henry Schein, Inc.* when it certified this class. However, following *Henry Schein, Inc.*, as we must, we reverse the judgment of the trial court and remand for further proceedings.