NUMBER 13-02-540-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
J.C. PENNEY COMPANY, INC., ET AL.,                                   Appellants,
v.
GAYLE G. PITTS, ET AL.,                                                          Appellees.



On appeal from the 214th District Court
of Nueces County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez
          Appellants, Stonebridge Life Insurance Company, et al.,


 appeal the certification of
a nationwide class of consumers who purchased Accidental Death and Dismemberment 
(ADD) insurance from appellants. By four issues, appellants contend: (1 & 3) rule
42(b)(4)’s


 predominance and superiority requirements are not met; (2) the trial plan
infringes on appellants’ legal rights; and (4) rule 42(a)(3)’s typicality requirement is not met. 
 We reverse and remand. 
I. Facts and Procedural History
          On August 8, 2002, appellees, Gayle G. Pitts, et al.,


 filed their sixth amended class-action petition against appellants alleging they improperly charged appellees’ credit card
accounts for premiums on ADD insurance without obtaining appellees’ consent for the
charges. Appellees’ causes of action include: (1) money had and received;


 (2)
conspiracy; and (3) violations of the Texas Theft Liability Act (TTLA).


 Further, appellees
sought the following damages: (1) actual damages; (2) additional damages under the
TTLA; and (3) statutory, unlimited exemplary damages for TTLA violations. The trial court
held a two-day hearing and certified the class under rule 42(b)(4).


 Below is a summary
of the trial court’s findings of fact and conclusions of law. 
          Appellants purchased customer lists from approximately forty-five different credit
card issuers that contained confidential information including credit card and bank account
numbers. This information was used in a two-step process to market


 the ADD insurance
to specific market segments. First, telemarketers offer consumers a free trial membership
of either sixty or ninety days for ADD insurance coverage. Following a written-uniform
sales pitch, telemarketers describe the program, answer questions, and tell the consumers
that they must call within sixty or ninety days to cancel the policy or their credit or bank
cards will be automatically billed. However, customers are neither asked for their credit
card information nor informed that appellants have preacquired this information. Once the
customers are setup for enrollment under step one, a licensed-insurance agent finalizes
the deal and informs them that they must cancel the policy within sixty or ninety days to
avoid having their accounts debited. Only the second part of the marketing process is
recorded.



          The trial court determined this case would almost exclusively be decided by the
answer to a single question: “[w]hether a customer’s ‘yes’ answer to the scripted question
of whether the customer would like to enroll in the insurance program did or did not
constitute permission to charge his credit card or debit his bank account.” The trial court
then discussed its decision on choice of law.
          The trial court applied Texas law to the nationwide class after considering that
appellants’ activities and actions originated in Texas.


 It determined appellants failed to
offer proof, under Texas Rule of Evidence 202, that Texas law is different from other
jurisdictions on issues of agency, ratification, joint enterprise, damages, penal code
violations (under the TTLA), and attorney’s fees. It then presumed the law was the same
as that of other states and the District of Columbia on these subjects. The trial court also
found that appellants failed to show a true conflict between the law of Texas and other
jurisdictions regarding claims for money had and received and conspiracy. It then certified
the nationwide class, which is estimated to have between six and fourteen million class
members.


  
II. Discussion
A. Standard of Review
          We review a trial court’s ruling on a class certification for abuse of discretion. 
Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 439 (Tex. 2000). However, we do not
indulge every presumption in favor of the trial court’s ruling because actual “compliance
with [Texas Rule of Civil Procedure] 42 must be demonstrated rather than presumed.” 
Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 691 (Tex. 2002). Because rule 42 was
patterned after the federal rule, “federal decisions and authorities interpreting federal class
action requirements are persuasive in Texas actions.” Ford Motor Co. v. Sheldon, 22
S.W.3d 444, 452 (Tex. 2000). Further, the trial court “must perform a ‘rigorous analysis’
before ruling on a class certification to determine whether all prerequisites to certification
have been met.” Bernal, 22 S.W.3d at 435. A court makes a proper analysis by going
beyond the pleadings because it “‘must understand the claims, defenses, relevant facts,
and applicable substantive law in order to make a meaningful determination of the
certification issue.’” Id. (quoting Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th
Cir. 1996)). 
B. Rule 42(b)(4)
          Rule 42 provides a two-step process for class certification. First, all class actions
must meet rule 42(a)’s four prerequisites: (1) numerosity; (2) commonality; (3) typicality;
and (4) adequacy of representation. Tex. R. Civ. P. 42(a). Second, the class must meet
the requirements of one of three subdivisions under rule 42(b). Rule 42(b)(4) requires the
trial court to make two additional findings: predominance and superiority.


 Tex. R. Civ.
P. 42(b)(4). As an initial matter, we address appellees’ attempts to abandon certain claims
on appeal. 
1. Abandonment 
          On appeal, in light of Henry Schein, Inc., appellees attempt to abandon their claims
for violations of the TTLA, civil conspiracy, and exemplary damages in an attempt to
salvage the certification. Henry Schein, Inc., 102 S.W.3d at 692-95. Appellees wish to
proceed only on the theory of money had and received. In support of their position,
appellees direct our attention to Henry Schein, Inc. 
          In Henry Schein, Inc., the trial court certified the class under both 42(b)(1)


 and
42(b)(4). Id. at 691. The parties agreed that the underlying plaintiffs did not meet the
requirements of 42(b)(1) and that the trial court erred in certifying the class under that
section. Id. The court of appeals held that the trial court’s error did not require reversal
because the plaintiffs were free to abandon that part of the certification order in the course
of the appeal. Id. The court of appeals affirmed the certification order in its entirety. Id. 
The supreme court concluded the court of appeals should have reversed the erroneous
portion of the order because the “plaintiffs cannot by their concession amend the trial
court’s order so that it may be affirmed.” Id. at 692. 
          Also, pertinent to the issue of abandonment presented in this case is the supreme
court’s treatment of the plaintiff’s desire to forego consequential damages at the appellate
level. The supreme court concluded that consequential damages would have to be
calculated on a class member by class member basis. Id. at 694. In reaching that
conclusion, the court noted the plaintiffs’ willingness to forego their claims for consequential
damages on appeal and stated:
They have not, however, amended their pleadings to strike that claim, and
it is not clear that they could readily do so. Such an amendment would be a
dismissal of significant, viable claims of which potential class members may
be entitled to notice under Rule 42(e).



 
Id. at 694-95. The court determined that, considering the attempt to forego consequential
damages, it was not clear whether a class action was superior if it required plaintiffs to give
up substantial rights, nor was it clear whether the willingness of the five named plaintiffs
to forego those claims was typical of the other class members. Id. at 695. Lastly, the court
noted that whether a class excluding consequential damages could or should be certified
was not explored by the trial court. Id. 
          Here, appellees have not amended their pleadings to strike claims for violations of
the TTLA, civil conspiracy, or exemplary damages. Appellees do not contend these claims
are not viable, but merely attempt to abandon these claims to save the certification from 
reversal. Thus, any attempt to abandon these claims could trigger the notice requirements
of rule 42(e). See id. at 695. In any case, appellees’ attempt to abandon these claims at
the appellate level does not serve to amend the trial court’s order so that it may be
affirmed. See id. at 692. Accordingly, we consider all of appellees claims in determining
if it satisfied rule 42. We now turn to the merits of appellees’ first and third issues
challenging the certification under rule 42(b)(4).
2. Predominance
          The predominance requirement “prevent[s] class action litigation when the sheer
complexity and diversity of individual issues would overwhelm or confuse a jury or severely
compromise a party’s ability to present viable claims or defenses.” Bernal, 22 S.W.3d at
434. “The test for predominance is not whether common issues outnumber uncommon
issues but . . . ‘whether common or individual issues will be the object of most of the efforts
of the litigants.’” Id. (quoting Cent. Power & Light Co. v. City of San Juan, 962 S.W.2d 602,
610 (Tex. App.–Corpus Christi 1998, pet. dism’d w.o.j.)). Further, “[c]ourts determine if
common issues predominate by identifying the substantive issues of the case that will
control the outcome of the litigation, assessing which issues will predominate, and
determining if the predominating issues are, in fact, those common to the class.” Id. 
          Appellants argue the trial court erred in applying Texas law to the entire class
because appellees failed to show any differences between the laws of Texas and other
jurisdictions. They also contend the trial court erred in finding Texas has the most
significant interest in applying its law to the class action. 
          Under rule 42(b)(4), the class members, not the appellants, bear the burden to show
common questions of law or fact predominate, which includes demonstrating an absence
of conflicting state laws. Daimler Chrysler Corp. v. Inman, 121 S.W.3d 862, 886 (Tex.
App.–Corpus Christi 2003, pet. filed); Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 352
(Tex. App.–Houston [14th Dist.] 2003, no pet.); see, e.g., Spence v. Glock, 227 F.3d 308,
313 (5th Cir. 2000) (“The burden of proof lies with the plaintiffs; in not presenting a
sufficient choice of law analysis they have failed to meet their burden of showing that
common questions of law or fact predominate.”). Also, Texas adopted the Restatement’s
“substantial relationship” test for deciding which law to apply. Hughes Wood Prods., Inc.
v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000). Under this test, courts consider the
“qualitative nature of the particular contacts” with a state, and the “state policies underlying
the particular substantive issue[s]” before deciding which state’s law to apply. Hughes
Wood Prods., Inc., 18 S.W.3d at 205; Duncan v. Cessna Aircraft, Co., 665 S.W.2d 414,
421 (Tex. 1984); Restatement (Second) of Conflicts of Laws § 6 (1971). 
          Here, the trial court improperly presumed there were no conflicts of law for
appellees’ claims of agency, ratification, joint enterprise, damages, penal code violations,
and attorney’s fees because appellants failed to provide a sufficient choice-of-law analysis. 
The burden was on appellees, not appellants, to establish an absence of conflicts of law
in order to show common issues of law or fact predominated. See Daimler Chrysler Corp.,
121 S.W.3d at 886. Further, the trial court’s choice of law analysis is incomplete because
it only considered that appellants are headquartered in Texas and that their acts originated
in Texas. The defendant’s residence in Texas alone does not dictate that Texas law will
govern all class members’ claims. Henry Schein, Inc., 102 S.W.3d at 697. The
substantial relationship test requires courts to consider not only the defendants’ contacts
with other states, but also the interests of other states in having their laws apply. See id. 
Appellees failed “to demonstrate that Texas law should apply to so many of those claims
that common legal issues predominate.” Id. 
          Under these facts we find appellees failed to show the predominance requirement
was satisfied. Appellants first issue is sustained. Because appellees indicate they intend
to abandon certain causes of action and because the trial court still has significant pre-certification work to do on choice-of-law issues, we will not prospectively evaluate its
compliance with rule 42 outside this context. See Daimler Chrysler Corp., 121 S.W.3d at
886. 
III. Conclusion
          We do not say “that no class action can be certified in this case; that matter must
be decided by the trial court in the first instance.” Henry Schein, Inc., 102 S.W.3d at 701. 
We find only that appellees failed to show that common issues of law or fact predominate. 
Because we hold the trial court abused its discretion in certifying the class under rule
42(b)(4), we do not address the remaining issues. Accordingly, we reverse and remand
for further proceedings. 
 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 15th day of July, 2004.