■ MIKHAIL ILYAICH, Respondent, v BANKERS LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [849 NYS2d 595]—

In an action to recover the proceeds of a life insurance policy, the defendant appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), entered October 17, 2006, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court dated November 27, 2006, which, upon the order, is in favor of the plaintiff and against it in the total sum of $1,013,528.49.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On September 28, 2000, the defendant issued a one million dollar life insurance policy covering the life of the plaintiff's grandmother, and naming the plaintiff as the beneficiary. As required by Insurance Law § 3203 (a) (3), the policy contained a two-year incontestability clause, that is, a provision barring the defendant from contesting the validity of the policy after it had been continuously in effect for at least two years. The insured died on April 12, 2004, after the contestability period had expired. In response to the plaintiff's demand for the proceeds,

the defendant purported to rescind the policy, based on alleged misrepresentations in the initial application for coverage with respect to the insured's assets and the purpose of the insurance.

The plaintiff commenced this action to recover the proceeds of the policy, and subsequently moved for summary judgment on the complaint. Relying upon the expiration of the contestability period, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint. We affirm.

The defendant issued the life insurance policy based upon the representations in the application for coverage, and the burden rested upon it to investigate, within the two-year contestability period, the veracity of the representations concerning the insured's financial condition (*see New England Mut. Life Ins. Co. v Caruso*, 73 NY2d 74 [1989]). The insured's finances were a condition of insurance, which were ascertainable by the defendant at the time that the policy was issued, and which it is precluded from contesting more than two years thereafter (*see Simpson v Phoenix Mut. Life Ins. Co.*, 24 NY2d 262 [1969]). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.