■ JANET JOHNSON et al., Appellants, v METROPOLITAN LIFE INSURANCE Co., Respondent. [913 NYS2d 44]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 29, 2010, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion to amend its answer to assert a defense and counterclaim for insurance fraud under the New Jersey Insurance Fraud Prevention Act (IFPA), unanimously affirmed, with costs.

Plaintiffs are the beneficiaries of two life insurance policies that defendant issued. The insured, now deceased, executed applications for the policies partly in New Jersey and partly in New York. The insured stated on the applications that he resided in Kearny, New Jersey and worked there as well. The policies that defendant issued in reliance on the applications contain a "NJ" notation on some pages.

On the applications, the insured answered "no" to every question concerning whether he had a particular disease or disorder. He also represented in the applications that he would be paying the premiums. Allegedly relying on the representations in the applications, defendant issued the two policies. Plaintiff Johnson was the named beneficiary on one policy, and plaintiff Nicklas was the named beneficiary on the other.

In 2004, defendant learned that the insured had not made a single premium payment on his own, but rather, a third person had been making all the payments. On November 29, 2004, defendant advised the insured in writing that it considered the policies null and void because the insured had not paid any premiums himself, and requested identification of the person to whom it could return the premiums. It does not appear that defendant ever received a response. The insured died on August 7, 2005 from cardiopulmonary arrest.

After the insured's death, defendant disclaimed coverage on several grounds. First, defendant claimed that the policies were void because the insured decedent had misrepresented on the applications that he would pay the premiums when, in fact, a third party paid them. Second, defendant contended that contrary to the representations decedent made in the applications, he had a known history of serious and chronic medical problems,

including "end-stage liver disease secondary to hepatitis C," hypertension and diabetes. Defendant also intimated that the policies were void because it appeared that the insured had not actually participated in the application process himself.

Plaintiffs commenced this action in 2006 to recover the proceeds of the policies. In 2009, they moved for summary judgment on their complaint and to dismiss defendant's counterclaims. Defendant cross-moved for leave to amend its answer to include a defense and counterclaim under the IFPA (NJ Stat Ann § 17:33A-7).

The motion court properly denied summary judgment. Defendant submitted affidavits from long-term employees, including its Vice President of Corporate Ethics and Compliance, Chief Underwriter and Senior Technical Claims Advisor, as well as internal underwriting and compliance documents. These submissions raise questions of fact regarding the materiality of the decedent's misrepresentations that he would be the payor, sufficient to defeat summary judgment at this juncture (*see Leamy v Berkshire Life Ins. Co.*, 39 NY2d 271, 274 [1976]).

With respect to its cross motion to amend to assert a defense and counterclaim for insurance fraud under the IFPA, defendant maintains that New Jersey law applies and permits this claim. Plaintiffs contend that the law is the same in New York and New Jersey, and the operation of either state's "incontestability" statute bars defendant from pleading fraud as a defense or counterclaim more than two years after issuance of the policies.

Both New York and New Jersey have statutes that mandate that all life insurance policies contain a clause making the policy incontestable by the life insurer after the policy is in force for two years (Insurance Law § 3203 [a] [3]; NJ Stat Ann § 17B:25-4). However, the New Jersey Supreme Court has stated in dictum that "[e]ven after the expiration of the contestability period, an insurer may deny a claim if the insured committed fraud in the policy application" (*Ledley v William Penn Life Ins. Co.*, 138 NJ 627, 635, 651 A2d 92, 95 [1995]). In addition, New Jersey enacted the IFPA "to confront aggressively the problem of insurance fraud . . . by . . . requiring the restitution of fraudulently obtained insurance benefits" (NJ Stat Ann § 17:33A-2).

By contrast, New York's incontestability statute bars challenges even when the insured has failed to disclose facts on an insurance application (*see New England Mut. Life Ins. Co. v Caruso*, 73 NY2d 74 [1989]; *see also Ilyaich v Bankers Life Ins. Co. of N.Y.*, 47 AD3d 614, 615 [2008] [alleged misrepresentation

concerning insured's assets and the purpose for the insurance]). New York's approach represents a policy choice to place the onus on the insurance company to investigate, within the two-year period, the veracity of the claims that a potential insured might make in an application for life insurance (*see New England Mutual,* 73 NY2d at 82; *see also Settlement Funding, LLC v AXA Equit. Life Ins. Co.,* 2010 WL 3825735, \*3, 2010 US Dist LEXIS 104451, \*10-11 [SD NY 2010] ["the incontestability clause serves the important function of encouraging buyers to purchase insurance with confidence that after the contestable period has passed they are assured of receiving benefits for which they pay premiums"]).

There indeed appears to be a conflict between the laws of the two states. However, no court in New York has directly held that an insurance company is restricted to the two-year period where the insured has lied about his or her health in an application for insurance. Obviously, correct health information is pertinent to an insurance company's decisions whether to take on the risk and what premium to charge. Nevertheless, we need not decide what New York law calls for because New Jersey law applies to this dispute. The decedent represented on the applications that he was a resident of New Jersey. On defendant's change-of-ownership form, dated July 10, 2003, he also listed his address in New Jersey as the mailing address for his niece, beneficiary and owner of one of the policies. The insured signed in New Jersey at least part of the applications that induced defendant to issue the policies. Defendant sent bills for premiums to a Kearny, New Jersey address. No one suggested changing that billing address. As New Jersey was the place of contracting and defendant was led to believe that the location of the insured risk (i.e. the insured) was in New Jersey, no one should be surprised that New Jersey law applies to this dispute (*see Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.,* 36 AD3d 17 [2006], *affd* 9 NY3d 928 [2007]).

Accordingly, the court properly permitted defendant to amend its answer to include a fraud defense and counterclaim asserting that the insured decedent knowingly provided false and misleading information on the applications regarding the decedent's medical history, even though defendant raised this defense outside the two-year contestability period (*see Paul Revere Life Ins. Co. v Haas,* 137 NJ 190, 201-202, 644 A2d 1098, 1104 [1994]; *see also Ledley,* 138 NJ at 635, 651 A2d at 95). This is consistent with the IFPA, that was enacted to prevent false or misleading statements in insurance applications (*see Ashkenazi v Lincoln Natl. Life Ins. Co.,* 2009 WL 1346394,\*6,

2009 US Dist LEXIS 40234, *18-20 [ED NY 2006]; *Liberty Mut. Ins. Co. v Land*, 186 NJ 163, 171-172, 892 A2d 1240, 1245 [2006]). Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.