

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-13-00719-CV

**AMERICAN NATIONAL INSURANCE COMPANY**,
Appellant

v.

**THE CONESTOGA SETTLEMENT TRUST**, the RE Family Trust and Shea Ungar a/k/a
Hershey Ungar, Trustee of the RE Family Trust,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17464
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

In this accelerated appeal, appellant American National Insurance Company ("ANICO")

appeals the trial court's order granting a request by The Conestoga Settlement Trust ("Conestoga")

to apply New York law to issues relating to the validity of a life insurance policy in the underlying

suit.  ANICO contends the trial court should apply New Jersey law.  We affirm the trial court's

order.

**BACKGROUND**

The underlying dispute concerns the proceeds of a $10 million life insurance policy, insuring the life of New York resident Rachel Einhorn. In 2007, Einhorn applied for a $10 million dollar life insurance policy with ANICO. Einhorn designated the Rachel Einhorn Family Trust ("RE Family Trust") as beneficiary. Through a series of assignments, Conestoga acquired the rights to the "pay on death benefits" of Einhorn's life insurance policy. When Einhorn passed away in 2011, Conestoga submitted a request to ANICO for payment on the policy. ANICO denied Conestoga's request and contested its duty to pay the $10 million proceeds of the policy on the grounds it was fraudulently acquired as part of a stranger-oriented life insurance ("STOLI") scheme.[1] Conestoga subsequently sued ANICO, a legal reserve life insurance company domiciled and headquartered in Texas, in the trial court.

Before trial on the merits, Conestoga filed a motion under Texas Rule of Evidence 202, asking the trial court to make a choice of law determination with regard to the issues concerning the validity of the policy. Relying upon the Restatement (Second) of Conflicts of Law, Conestoga argued New York law should apply and ANICO argued New Jersey law should apply — neither party argued Texas law should apply. The trial court determined the law of New York was applicable.

Pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code and rule 28.3 of the Texas Rules of Appellate Procedure, ANICO filed a petition for permissive appeal with this court. We granted ANICO's petition.

---

[1] This case appears to be one of the first "STOLI" cases in Texas. A "STOLI" scheme typically involves an elderly person procuring a life insurance policy on her own life with the intent to assign it to a third party in return for cash up front. *See Lincoln Nat. Life Ins. Co. v. Calhoun*, 596 F. Supp. 2d 884–85 (D. N.J. 2009). A detailed discussion of "STOLI" schemes and the growing secondary life insurance market can be found in the *Calhoun* opinion. *See id.* at 884–86.

ANALYSIS

ANICO raises two issues on appeal, contending: (1) New Jersey law, not New York law, should govern the issues relating to the validity of the policy; and (2) alternatively, the trial court's determination of the choice of law issue was premature.

### A. Choice of Law

Determining which state's law governs an issue is a question of law we review *de novo*. *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). We begin our review by determining whether the particular substantive law is subject to a clear choice of law determination by the Texas Legislature. *See Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 443 (Tex. 2007). If the legislature is silent on the choice of law for the particular issue, the law of the forum can apply if we determine it does not conflict with the laws of the other interested jurisdictions. *Id.*; *see Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 672 (Tex. 2004) ("[W]e must first decide whether Texas law conflicts with the laws of other interested states, as there can be no harm in applying Texas law if there is no conflict."). If we determine the laws differ, we then decide the appropriate law to apply by using the Restatement (Second) of Conflicts of Law in the context of the subject matter of the particular substantive issue to be resolved. *See Hughes*, 18 S.W.3d at 205; *Engine Components, Inc. v. A.E.R.O. Aviation Co., Inc.*, No. 04-10-00812-CV, 2012 WL 666648, at *2 (Tex. App.—San Antonio Feb. 29, 2012, pet. denied) (mem. op.). Specifically, we apply the most significant relationship guidelines of Section 6(2) and any other specific Restatement sections applicable to the substantive law at issue. *See Daccach*, 217 S.W.3d at 443 (Tex. 2007).

Although the Texas Insurance Code contains a choice of law provision with regard to insurance policies like the one here, it does not apply to the contested Einhorn policy because she

was not an inhabitant or resident of Texas. *See* TEX. INS. CODE ANN. art. 21.42 (applying to "Any contract of insurance payable to any *citizen or inhabitant* of this State." (emphasis added)). Accordingly, because there has been no clear choice of law determination by the Texas Legislature, we continue our review to determine if there is a conflict of laws between the interested jurisdictions. *See Duncan*, 665 S.W.2d at 419.

There are three interested jurisdictions in the present case: (1) Texas (ANICO is domiciled in Texas, its home office located in Galveston, and suit was filed in Texas); (2) New Jersey (Einhorn's insurance policy application has alleged choice of law "contacts" with New Jersey); and (3) New York (Einhorn, the insured, was a resident of New York). Therefore, we must determine whether the laws of the interested jurisdictions differ for the issue presented in this case.

### 1. *Conflict of Law*

The central issue before the trial court is whether ANICO can challenge the validity of Einhorn's insurance policy after the period of contestability — as stated in the policy — has expired. The parties do not dispute the existence of the "INCONTESTABILITY" clause in Einhorn's policy, which states:

> This Certificate will be incontestable after it has been in force during the insured's lifetime for 2 years from the Date of Issue except for nonpayment of premium and except as to any provision or condition relating to disability benefits or additional benefits for accidental death.

The parties also do not dispute that the contestability period for Einhorn's policy expired because she signed the policy on July 7, 2007, and died on August 22, 2011. In fact, New York, New Jersey, and Texas all require a variant of the incontestability clause above in life insurance policies and thus no conflicts exists as to the provision itself. *See* N.Y. INSURANCE LAW § 3203(a)(3) (McKinney 2013); N.J. STAT. ANN. § 17B:25-4; TEX. INS. CODE ANN. art. 1101.006. However, the parties disagree, and the laws of the interested jurisdictions conflict, as to what challenges to

the policy's validity, if any, ANICO is permitted to make after the expiration of the contestability period.

Here, ANICO is attempting to challenge the validity of Einhorn's policy after the expiration of the contestability period on the grounds that: (1) public policy renders the policy void because there is no insurable interest; and (2) there were fraudulent misrepresentations in the insurance application.

### a. *Challenge Based on Insurable Interest Requirement*

The insurable interest requirement for life insurance beneficiaries arises from the longstanding public policy against "wagering" contracts. *See Grigsby v. Russell*, 222 U.S. 149 (1911) ("[a] contract of insurance upon a life in which the insured has no interest is a pure wager that gives the insured a sinister counter interest in having the life come to an end."). Texas, New Jersey, and New York all have an insurable interest requirement. Texas common law requires a person insuring the life of another to have an insurable interest in the insured person's life. *See Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 859 (Tex. 1979); *Drane v. Jefferson Standard Life Ins. Co.*, 161 S.W.2d 1057 at 1058–59 (Tex. 1942); *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 322 (Tex. App.—Fort Worth 2007, pet. denied). New York and New Jersey have codified their respective insurable interest requirements. *See* N.Y. INSURANCE LAW § 3205; N.J. STAT. ANN. § 17B:24-1.1 (West 2013). Despite agreeing that a beneficiary must have an insurable interest in the insured, New Jersey, New York, and Texas are not in full agreement as to the role that requirement plays after the contestability period on a life insurance contract has expired.

We begin with New Jersey law, noting that it does not appear the New Jersey Supreme Court, nor any of its intermediate appellate courts, has directly addressed whether the lack of an insurable interest at the inception of a life insurance policy renders it void *ab initio*. However, as

argued by ANICO, it appears New Jersey would permit a challenge based on the lack of an insurable interest after the expiration of the contestability period. This is because "[t]he New Jersey Supreme Court would likely follow decisions from other state and federal courts that have held that a lack of an insurable interest by an insured at the inception of a life insurance policy causes the policy to be void *ab initio*." *Lincoln Nat'l Life Ins. Co. v. Schwarz*, No. 09-03361(FLW), 2010 WL 3283550 at *8 (D. N.J. Aug. 18, 2010). The court in *Schwarz* reached this conclusion after "a survey of precedent from other state and federal courts demonstrate[d] that the majority view is that life insurance contracts that lack a person with an insurable interest at inception are akin to wagering contracts, and therefore void *ab initio*." *Id.* at *8. It is also clear, as recognized in *Schwarz*, *id.* at *7, that New Jersey's state courts strongly disfavor the enforcement of contracts that are contrary to public policy. *See Vasquez v. Glassboro Serv. Ass'n, Inc.*, 415 A.2d 1156, 1162 (N.J. 1980) ("No contract can be sustained if it is inconsistent with the public interest or detrimental to the common good."); *Hebela v. Healthcare Ins. Co.*, 851 A.2d 75, 80 (N.J. Super. Ct. App. Div. 2004) ("[O]ur courts will decline to enforce an insurance policy, like any other contract, if its enforcement would be contrary to public policy.").

Unlike New Jersey, New York does not permit a challenge to an insurance policy's validity based on the insurable interest requirement after the expiration of the contestability period. After holding that the lack of an insurable interest in the beneficiary does not render the life insurance contract void *ab initio*, New York's highest court held a beneficiary cannot be compelled to prove her insurable interest after the expiration of the contestability period. *See New England Mut. Life Ins. Co. v. Caruso*, 73 N.Y.2d 74, 83 (N.Y. 1989). The court acknowledged this is a harsh result for the insurance companies, but explained:

> This inequity may be avoided, and the public purpose underlying the insurable interest requirement implemented, by a rule which encourages the insurer to investigate the insurable interest of its policyholders promptly within the two-year

period. Such investigations would not only eliminate "wagering" contracts but would do so promptly, thereby furthering the policy behind the provisions to the statute.

*Id.* at 83. *Caruso* appears to still be the law of New York on this issue and represents a minority view of how jurisdictions have addressed insurable interest challenges in light of expired contestability periods. *See, e.g., PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust, ex. Rel. Christiana Bank & Trust Co.*, 28 A.3d 1059, 1068 (Del. 2011) ("We reject the contrary result reached in *New England Mut. Life Ins. Co. v. Caruso*, because in that case the New York court, unlike Delaware and most other jurisdictions, held that a policy lacking an insurable interest was *not* void at the outset."). Like New York, Texas also adheres to the minority view of how jurisdictions address policy validity challenges based on the insurable interest requirement.

Unlike the general rule that only a life insurance company may challenge the lack of an insurable interest, Texas specifically precludes such a challenge. *Compare* 44 C.J.S. *Insurance* § 377 (2014) ("The general rule is that only the life insurance company may raise the question of lack of insurable interest.") *with Stillwagoner v. Travelers Ins. Co.*, 979 S.W.2d 354, 358 (Tex. App.—Tyler 1998, no pet.) (holding insurance company may not raise lack of insurable interest as defense). In *Stillwagoner*, the Tyler Court of Appeals specifically stated: "although the Texas rule requires the designated beneficiary to have an insurable interest, it is not essential to the validity of the contract, and the *insurance company* may not raise the beneficiary's lack of an insurable interest as a defense." 979 S.W.2d at 358 (citing *Pac. Mut. Life Ins. Co. of Cal., v. Williams*, 15 S.W. 478, 480 (Tex. 1891); *Cheeves v. Anders*, 28 S.W. 274, 276 (Tex. 1894)); *see also Tamez v. Certain Underwriters at Lloyd's, London*, 999 S.W.2d 12, 15–16 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (holding that insurance policy that lacks insurable interest is not void, rather estate can challenge beneficiary's ability to retain policy proceeds). In the event insurance benefits are paid to someone lacking an insurable interest, "the beneficiary holds the

proceeds for the benefit of those entitled by law to receive them." *Stillwagoner*, 979 S.W.2d at 358. Accordingly, under Texas law, ANICO, the insurer, could not challenge Conestoga's insurable interest in Einhorn's life insurance policy. *See id.*

Having reviewed the law of the interested jurisdictions, we hold a conflict of law exists as to the issue of ANICO's ability to challenge the validity of Einhorn's insurance policy based on the insurable interest requirement because the laws of New Jersey, New York, and Texas are not in agreement with regard to this issue. ANICO, however, contends that a conflict of law does not exist because the outcome in this case would likely be the same under Texas and New York law. Although the laws of New York and Texas may reach the same ultimate conclusion in this particular case, the laws of the interested jurisdictions still conflict and would reach differing results in other circumstances. *Compare Caruso*, 73 N.Y. at 83 (barring insurable interest challenge after expiration of contestability period) *with Stillwagoner*, 979 S.W.2d at 358 (holding that the *insurance company* in particular may not raise beneficiary's lack of insurable interest as defense). Accordingly, we reject ANICO's argument and hold the laws of New Jersey, New York, and Texas conflict as to the issue of challenging the policy's validity based on the alleged lack of an insurable interest.

### b. *Challenge Based on Fraud*

Although Texas and New York do not conflict on this point of law, both conflict with New Jersey regarding whether a party may challenge the validity of a life insurance policy, after the expiration of the contestability period, on the basis of fraud in the application. Texas and New York agree that such a challenge is not permitted.

When interpreting an early version of a Texas incontestability clause, the Texas Supreme Court held:

> Fraud, of whatever nature, in procuring or inducing the execution of the contract is not named as a ground on which recovery may be contested. In other words, the statute and policy provide that after the expiration of the period prescribed there may be no contest at all of the validity or the binding effect of the policy, with certain specified exceptions which may serve as reasons or grounds for contest, and fraud is not one of the exceptions.

*Kan. Life Ins. Co. v. First Bank of Truscott*, 78 S.W.2d 584, 586 (Tex. 1935). As was the case in 1935, the modern Texas statute regarding the incontestability of life insurance policies does not provide an exception for fraud. *See* TEX. INS. CODE ANN. art. 1101.006 (only exception to incontestability is "nonpayment of premiums."); *but see* TEX. INS. CODE ANN. art. 705.104 (allowing policy validity challenge based on intentional misrepresentation of material risks on life insurance application for "a life insurance policy on the life of a person in or residing in this state."). Although the *Truscott* decision is from 1935, it is still recognized as the common law of Texas for the proposition that the "bar to contestability applies even if the insured intentionally made a material misrepresentation in the policy application." *Cardenas v. United of Omaha Life Ins. Co.*, 731 F.3d 496, 500 (5th Cir. 2013).

Like Texas, New York interprets its incontestability statute to bar challenges based on misrepresentation and fraud. *See Johnson v. Metro Life Ins. Co.*, 79 A.D.3d 450, 452 (N.Y. App. Div. 2010). "New York's approach represents a policy choice to place the onus on the insurance company to investigate, within the two-year period, the veracity of the claims that a potential insured might make in an application for life insurance." *Id.* at 453. Despite this agreement in law between New York and Texas, a conflict in law over this issue exists with New Jersey.

The Supreme Court of New Jersey has unequivocally stated that "[e]ven after the expiration of the contestability period, an insurer may deny a claim if the insured committed fraud in the policy application." *Ledley v. William Penn Life Ins. Co.*, 651 A.2d 92, 95 (N.J. 1995) (citing *Paul Revere Life Ins. Co. v. Haas*, 644 A.2d 1098 (N.J. 1994)). Although it can be argued that the

statement made by the New Jersey Supreme Court was mere dicta, dicta that possibly misapplied prior case law,[2] it most likely represents the law of the New Jersey given the state's policy under the Insurance Fraud Prevention Act, enacted "to confront aggressively the problem of insurance fraud . . . [by] requiring the restitution of fraudulently obtained insurance benefits." *Johnson*, 79 A.D.3d at 452 (quoting N.J. STAT. ANN. § 17:33A-2). Furthermore, the Supreme Court of New Jersey has not directly addressed the issue since the *Ledley* decision.

Although the laws of Texas and New York do not conflict on this issue, they jointly conflict with the law of New Jersey. We hold New York law should apply to the fraud issue as well as the insurable interest issue discussed above. It would be judicially inefficient and confusing to require the trial court to apply the law of two different jurisdictions to the same central challenge to the validity of Einhorn's life insurance policy after the expiration of the contestability period. Further, because New York and Texas law are the same on the issue of the fraud-based challenge, neither party is harmed by the application of one jurisdiction to the exclusion of the other as they both conflict with the law of New Jersey. Accordingly, we proceed with our Restatement-based choice of law analysis because the laws of the interested jurisdictions conflict in both of the challenges ANICO is making to the validity of Einhorn's policy.

### 2. *Restatement Analysis*

As noted above, we determine the appropriate law to apply when there is a conflict of laws by using the Restatement (Second) of Conflicts of Law in the context of the subject matter of the particular substantive issue to be resolved. *See Hughes*, 18 S.W.3d at 205. We use the most significant relationship guidelines of Section 6(2) and any other specific Restatement sections

---

[2] The argument that the statement of law in *Ledley* was mere dicta was aptly presented in *Lincoln Nat'l Life Ins. Co. v. Schwarz*; however, it was not resolved. No. 09-03361(FLW), 2010 WL 3283550 at *10–12 (D. N.J. Aug. 18, 2010) (not for publication) ("While Defendants' argument that the *Ledley* court misread *Haas* has some merit, it would be premature to dismiss this claim.").

applicable to the substantive law at issue. *See Daccach*, 217 S.W.3d at 443 (Tex. 2007). ANICO and Conestoga disagree as to which Restatement sections are applicable to determining the validity of Einhorn's life insurance policy. ANICO contends Sections 145 and 188 should apply, in addition to the general principles in Section 6(2). In contrast, Conestoga contends Section 192 should apply and guide our choice of law analysis.

    a. *Specific Restatement Sections – 192, 188, and 145*:

Of the three specific Restatement sections proposed by ANICO and Conestoga, we hold Section 192 is the most applicable, and therefore the most appropriate for the particular substantive issues to be resolved in this case. Unlike Section 188, which applies generally to contracts, and Section 145, which applies generally to issues in tort, Section 192 applies to questions of "[t]he validity of a life insurance contract issued to the insured upon his application." RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 192 (1971); *see also id.* §§ 188, 145. Therefore, we hold Section 192 is the proper section to apply to the substantive issue presented — whether ANICO is restricted from challenging the validity of Einhorn's life insurance policy after the expiration of the two-year contestability period.

Section 192 provides:

> The validity of a life insurance contract issued to the insured upon his application and the rights created thereby are determined, in the absence of an effective choice of law by the insured, *by the local law of the state where the insured was domiciled at the time the policy was applied for*, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

*Id.* (emphasis added). Essentially, in the absence of an effective choice of law by the insured, Section 192 creates a choice of law presumption in favor of the jurisdiction where the insured was domiciled at the time he or she applied for life insurance. *See id.* Conestoga contends Section 192 creates a rebuttable presumption in favor of applying New York law to this case because Einhorn

- 11 -

was indisputably domiciled in New York at the time she applied for her life insurance policy with ANICO. We agree.

ANICO, however, contends that Section 192 does not apply to the present case for two reasons: (1) the policy was issued to the RE Family Trust as owner, not Einhorn, and (2) a presumption in favor of the jurisdiction of domicile is really a single-contact *lex loci delecti* test rejected by the Texas Supreme Court. We disagree with ANICO's contentions with regard to the application of Section 192.

ANICO first contends Section 192 does not apply because Einhorn's policy listed the RE Family Trust as owner, and the insurance policy presumably issued to the trust. In support of this contention, ANICO directs the court to language in Comment A of Section 192 instructing: "[t]he rule does not apply to life insurance issued upon the life of someone other than the applicant." *Id.* cmt. a. This language does not actually support ANICO's argument, but rather defeats it. Einhorn's policy *was* issued, as required by the comment to Section 192, upon the life of the applicant/insured – herself.

ANICO also contends Section 192 does not apply because its language asks this court to apply a single-contact *lex loci delecti* choice of law analysis that has been rejected by the Texas Supreme Court in lieu of the most significant relationship test. *See Duncan*, 665 S.W.2d at 421. This contention is inaccurate. Section 192 does not create a *lex loci* standard because it, in plain language, allows "some other state [that] has a more significant relationship under the principles stated in § 6," also known as the most significant relationship test, to supersede the presumption in favor of the jurisdiction of domicile. Accordingly, we decline to accept ANICO's argument.

Although Section 192 is the most specific Restatement section relevant to the choice of law issue at hand, ANICO contends it would be more appropriate for this court to apply Sections 188 and 145 rather than Section 192. We disagree.

Section 188, which applies to choice of law issues relating to contracts, provides that, in the absence of a choice of law provision, the following contacts are taken into account to determine the law applicable to an issue:

(1) the place of contracting;

(2) the place of negotiation of the contract;

(3) the place of performance;

(4) the location of the subject matter of the contract; and

(5) the domicile, residence, nationality, place of incorporation and place of business of the parties.

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 188. These contacts are evaluated in accordance with their relative importance to the particular issue. *See id.* ANICO contends this section should apply because this case, in a broad sense, is a breach of contract case based upon the life insurance contract. We disagree with ANICO that this general approach justifies using Section 188 over Section 192 because our supreme court "has often applied more specific sections of the *Restatement* to address particular choice of law issues." *Wagner*, 18 S.W.3d at 206; *see e.g.*, *Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex.1997) (applying section 93 to evaluate the res judicata effect of an out-of-state judgment); *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 647 (Tex.1995) (applying section 139 to determine whether another state's attorney-client privilege should apply in Texas court case); *Maxus Expl. Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53–54 (Tex. 1991) (invoking section 196 to determine law governing contracts for personal services); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex.1990) (adopting section 187 for evaluating enforceability of contractual choice of law clauses). As discussed above, Section 192 governing life insurance contracts is a more specific section to apply to the issue in this case.

Further, ANICO contends a Section 145 analysis of relevant tort contacts would aid the court's choice of law inquiry because fraud is alleged. Section 145, which applies to an issue related to tort actions, instructs the court to take the following contacts into account to determine the law applicable to this case:

(1) the place where the injury occurred;

(2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(4) the place where the relationship, if any, between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145. These contacts are evaluated in accordance with their relative importance to the particular issue. *See id.* As with the application of Section 188, we disagree with ANICO that Section 145 should apply in place of the most specific section to the issue presented in this case – Section 192. *See supra.*

b. *Most Significant Relationship Test – Section 6(2)*:

Although Section 192 favors application of New York law because Einhorn was a domiciliary of that interested jurisdiction, our analysis does not end there because we must also determine whether "some other state has a more significant relationship under the principles stated in" Section 6(2) of the Restatement. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 192. Section 6(2) requires the court to consider the following *general factors* relevant to the choice of law:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

- 14 -

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6(2) (emphasis added). When applying these factors, the number of particular contacts with a particular state is not determinative; rather, the selection of the applicable law depends on the qualitative nature of the particular contacts. *See Duncan*, 665 S.W.2d at 421.

Here, the primary most significant relationship arguments of the parties regard the justified expectations of the parties and policy-based concerns of the interested jurisdictions. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6(2). Specifically, ANICO contends the parties justifiably expected New Jersey law to apply to the policy and that New Jersey's interest in preventing and combating alleged STOLI fraud outweighs the policy concerns of the other interested jurisdictions. Having reviewed those arguments and the most significant relationship factors set out above, we disagree and hold section 192's presumption in favor of applying New York law has not been overcome by "some other state [that] has a more significant relationship under the principles stated in" Section 6(2) of the Restatement. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 192; *id*. § 6(2).

ANICO contends its agents, Einhorn, and the RE Family Trust molded their conduct in such a way that they would reasonably expect New Jersey Law to govern issues regarding the policy's validity. ANICO's central basis for this contention is that the place of negotiation and performance of the contract was allegedly New Jersey. This assertion, although vigorously alleged, is not conclusively established in the record before us. What is clear, however, is that ANICO sought the business of Einhorn, a New York resident, through one of its agents who officed in New York state. Further, ANICO is a Texas corporation and we have already recognized one

of the parties to the policy, the RE Family Trust, conformed its conduct and purposefully availed itself of the protections of Texas law regarding the policy. *See RE Family Trust v. Conestoga Settlement Trust*, No. 04-12-00325-CV, 2012 WL 6030266, \*4 (Tex. App.—San Antonio Dec. 5, 2012, no pet.) (mem. op.). Specifically, we recognized the RE Family Trust signed insurance policy forms bearing ANICO's Galveston, Texas, address, and paid all of the policy's premiums to ANICO in Texas, and was therefore provided "with continuous, systematic and ongoing benefits, advantages and legal rights that [the RE Family Trust] could have enforced in Texas" regarding Einhorn's policy. *Id.* Accordingly, we decline to say, as ANICO contends, that the parties had unequivocal justified expectations that the law of New Jersey would apply. Rather, the evidence is such that it could be argued that the parties, based upon their conduct, might expect the law from any of the three interested jurisdictions to apply.

ANICO also relies on the policy-based factors of Section 6(2)'s most significant relationship test to contend New Jersey has the strongest policy interest in resolving the validity of Einhorn's insurance policy because of the state's strong interest and intent to confront aggressively the problem of insurance fraud. Despite ANICO's emphasis on the alleged fraud in the underlying suit, the real issue in this case is not the evils or legitimacy of STOLI policies, but rather the ability of an insurance company to challenge the validity of an insurance policy *after the expiration of the contestability period*. ANICO agreed to the contestability period when it issued its insurance policy to Einhorn. Even if New Jersey's interest in preventing and combating alleged STOLI fraud outweighs that of the other interested jurisdictions, as argued by ANICO, that interest is matched by a competing policy interest favoring finality of contracts as expressed in Texas and New York law. For instance, instead of allowing fraud-based validity challenges in perpetuity, "New York's approach represents a policy choice to place the onus on the insurance company to investigate, *within the two-year period*, the veracity of the claims that a potential insured might

make in an application for life insurance." *Johnson*, 79 A.D.3d at 452 (emphasis added). Accordingly, we decline to hold the policy-based arguments under the most significant relationship test presented by ANICO overcome the presumption created by Section 192 in favor of applying the law of Einhorn's domicile at the time she obtained the life insurance policy at issue – New York. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 192.

Because no other interested jurisdiction has been shown to have a more significant relationship under Section 6(2) to the present issue, we overrule ANICO's argument and hold New York law applies to the issues regarding the validity of Einhorn's life insurance policy. *See id.*

### B. *Prematurity of Choice of Law Analysis*

In its second issue, ANICO contends, in the alternative, that should we decide New Jersey law does not apply, we should reverse the trial court's decision to apply New York law because it is premature and incomplete. ANICO suggests we should remand the cause for a complete Restatement choice of law analysis. This argument, without conceding the sufficiency of facts necessary to apply New Jersey law, is based upon the lack of deposition testimony before the trial court from several individuals involved in the allegedly fraudulent application process for Einhorn's policy. ANICO contends this additional testimony would assist the choice of law analysis by "weighing in favor of New Jersey's strong policies against STOLI transactions." Again, we disagree.

After applying the Section 6(2) most significant relationship analysis in conjunction with the presumption provided in Section 192 to the facts of this case, we hold additional testimony would not assist the court in a proper choice of law determination. The additional testimony would merely implicate and bolster a policy interest that has already been extensively argued – New Jersey has a strong interest in combating alleged STOLI fraud. Because there is sufficient evidence

to apply New York law after a Restatement analysis and the additional deposition testimony suggested by ANICO would not affect this result, we overrule ANICO's second issue.

## CONCLUSION

Based on the foregoing, we overrule ANICO's arguments and affirm the trial court's order rendering judgment that New York law should apply to the issues related to the validity of Einhorn's life insurance policy.

Marialyn Barnard, Justice